THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY

*v.*

ELIDA HANSEN.

*Filed at Ottawa May 11, 1897.*

1. NEGLIGENCE—*traveler not bound, under all circumstances, to look and listen before crossing railroad.* It is not a rule of law that a traveler is bound, under all circumstances, to look and listen before crossing a railroad track.

2. SAME—*not negligence per se for person whose view is obstructed to cross railroad track.* It is not negligence, in every case and under all circumstances, for a person whose view is obstructed by smoke and dust from a train passing on one track to step upon a parallel track before his view becomes unobstructed.

3. SAME—*question of negligence is ordinarily one of fact.* Where the evidence in a case is such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

E. E. OSBORN, (A. W. PULVER, and LLOYD W. BOWERS, of counsel,) for appellant:

Where it appears the plaintiff would have seen the approaching train but for smoke caused by a train passing on another track, it is his duty to pause until the smoke has cleared away, and if he ventures upon the track before this temporary obstacle to his vision has disappeared he is guilty of lack of ordinary care, and cannot recover. *McCrary* v. *Railway Co.* 31 Fed. Rep. 531; *Foran* v. *Railroad Co.* 64 Hun, 510; *Whalen* v. *Railroad Co.* 15 N. Y. Supp. 941; *Railroad Co.* v. *Fisher*, 30 Pac. Rep. 468.

Even where a pedestrian relies upon the gates as a signal, still he must use reasonable care for his safety, and may not plunge rashly into danger. *Railroad Co.* v. *Spring*, 13 Ill. App. 174; *Railroad Co.* v. *Hutchinson*, 120 Ill.

166 623
72a 239

166 623
74a 359
74a 361
74a 397

166 623
78a 480
78a 666
78a 668
79a 230
79a 379

166 623
80a 679
80a 681

166 623
82a 377
82a 406

166 623
84a 586
84a 653

166 623
85a 142
85a 272
85a 345

166 623
182 271
183 273

166 623
184 391
88a 159

166 623
89a 1345
89a 3346

166 623
92a 3635

166 623
190 3139
190 2305
190 3307
190 3494

166 623
f96a 3152
96a 2562

166 623
99a 2484

166 623
195 3163
196 3483

166 623
199 1 17
199 3 17
102a 3472

166 623
203 3516
203 1517
206 1556
108a 1 63
109a 3207
109a 1211

166 623
110a 3555

166 623
111a 3442

166 623
115a 3563

587; *Railroad Co.* v. *Adler,* 129 id. 335; *Railroad Co.* v. *Jones,* 76 id. 311; *Railroad Co.* v. *Dunn,* 78 id. 197; *Railroad Co.* v. *Clough,* 134 id. 586; *Mathews* v. *Railroad Co.* 60 Am. & Eng. Ry. Cas. 625; *State* v. *Railroad Co.* 35 id. 356; *Railroad Co.* v. *Franz,* 39 id. 628.

L. M. Ackley, (Brandt & Hoffmann, of counsel,) for appellee:

It cannot be said, as a matter of law, that the failure to look and listen is negligence. The facts are proper for the consideration of the jury in determining whether a person has been negligent. *Railroad Co.* v. *Dunleavy,* 129 Ill. 135; *Railroad Co.* v. *Voelker,* 129 id. 542; *Railroad Co.* v. *Wilson,* 133 id. 60; *Partlow* v. *Railroad Co.* 150 id. 321.

To go upon a railroad crossing in the midst of a cloud of smoke is not negligence *per se* in this State. *Railroad Co.* v. *Walsh,* 157 Ill. 672; *Railroad Co.* v. *Gilbert,* id. 367; *Railroad Co.* v. *Sharp,* 63 Fed. Rep. 532; *Railroad Co.* v. *Odum,* 156 Ill. 78; *Railroad Co.* v. *Trayes,* 33 Ill. App. 307; *Pennsylvania Co.* v. *Keane,* 143 Ill. 175; *Railroad Co.* v. *Lane,* 130 id. 123.

Mr. Justice Cartwright delivered the opinion of the court:

Appellee brought this suit against appellant to recover damages for an injury received from a passenger train at the crossing of the railway and Forty-eighth avenue, at a station called Moreland, in the city of Chicago. There was a trial, and, after the evidence on both sides was all in, the defendant moved the court to direct the jury to return a verdict in its favor. The motion was overruled, and an exception to the ruling was duly entered. The jury returned a verdict for the plaintiff, and after overruling a motion for a new trial the court entered judgment on the verdict. On appeal to the Appellate Court the judgment was affirmed by that court. The only complaint made in this court is the refusal to direct a verdict for the defendant.

The accident occurred after dark on Sunday evening, July 29, 1894. Forty-eighth avenue runs north and south, crossing the railroad track. The tracks are double. The north is for trains going east and the south for trains going west. The depot is just east of the crossing and north of the track. South of the right of way, adjoining and parallel to it, is Kinzie street. The plaintiff, who was seventeen years old, approached the crossing, with another young lady, from the south, on the east sidewalk of Forty-eighth avenue. As they reached Kinzie street a long freight train was going east into the city on the north or east-bound track,—the farther track from them. They walked slowly toward the crossing so as to reach it about the time the train passed. Just as that train cleared the crossing they stepped upon the south track and were struck by a passenger train going west.

The declaration contained charges that the defendant failed to keep the gates at the crossing closed, but left the same open and raised; failed to keep a flagman or watchman at the crossing; neglected to ring the bell on the passenger train, and ran it at a greater rate of speed than permitted by ordinance. On these grounds it was claimed that defendant was liable for the resulting damage and injury to plaintiff. There was evidence tending to establish each of these charges of negligence made against the defendant, but the acts were negligent, merely, and it is rightfully claimed that plaintiff was not only obliged to prove such negligent acts, or some of them, as charged in the declaration, and that such negligence caused her injury, but also that she was in the exercise of ordinary care in going upon the crossing. It is upon this ground that it is claimed that the court erred in refusing to direct a verdict. It is insisted that, giving the evidence the most favorable construction it will bear for the plaintiff, she was not in the exercise of reasonable care for her own safety, and therefore one necessary element of proof to enable her to recover was lacking.

Plaintiff testified that as she came into Kinzie street, south of the crossing, she looked to see if there was any train coming on the tracks, and saw the freight train coming from the west, about the middle of the block between Forty-eighth and Forty-ninth avenues, and said to her companion, "Here's a long freight train, and we have got to wait." From that point a train coming from the east could be seen at a distance of two blocks away, and in approaching the tracks there was no obstruction except a fence and telegraph poles, which did not seriously interfere with the view of the train. On the south side of the south track there was a platform for passengers, and when that was reached inside of the fence, a train could ordinarily be seen for a mile to the east. Plaintiff and her companion walked slowly in order to let the freight train get past the crossing before they reached it. She testified that they had both looked before reaching the platform to see whether anything was coming, and just as they came to the platform they looked in both directions and did not see or hear anything, and then stepped on the track, when she was injured and her companion killed. Her testimony, and that of the witnesses in her behalf, was, that the freight train made a great deal of dust and noise, and that the smoke from it settled down toward the south on the track, and by this means she was prevented from seeing or hearing the approaching train. She said that she could not see five feet in the direction that the train was coming. Two girls, Lily Peterson and Celeste Jordan, were just behind the plaintiff. Lily Peterson testified that they were six or eight feet back of the plaintiff and did not see the train before it struck plaintiff, on account of the smoke and dust, and Celeste Jordan said that there was a great deal of dust and smoke, and she did not see the passenger train until it struck the girl.

This is the ground of appellant's claim that the court should have directed a verdict. It is insisted that it was

negligence, in law, for plaintiff to start across the track when she could neither see nor hear whether a train was coming, instead of waiting until the smoke and dust, which would pass away in a moment, had disappeared. Defendant, however, did not ask for the instruction upon the state of facts so presented to the jury by the plaintiff, but took issue upon their existence and offered evidence to controvert them. In addition to introducing testimony against the claims that the bell was not ringing and that the train was running at a prohibited rate of speed, it offered evidence tending to prove that plaintiff did not look for the train; that the head-light was burning brightly; that there was very little smoke or dust; that bystanders saw the train clearly, and that if plaintiff had looked she would have seen it. A witness for defendant testified that he could see that plaintiff and her companion had their eyes fixed on the rear end of the freight train that was passing when the passenger train was coming up behind them and the last car of the freight train was sweeping over the crossing, and that he tried to warn them of their danger. The court was then asked, in view of all the evidence, to say that plaintiff was negligent, as a matter of law, in plunging into the smoke and dust which she claimed enveloped the crossing, and which defendant affirmed had no existence.

It is said in Elliott on Railroads, (sec. 1170,) that where smoke emitted from moving trains obscures the view, it is the duty of the traveler to wait until the smoke has disappeared and the view becomes unobstructed, and the mere fact that he has looked and listened will not be a performance of the duty required of him in such case, —and the text is sustained by many authorities. But we think that these cases belong to the same class which enforce the duty to look and listen as a rule of law. The same author says that the overwhelming weight of authority affirms the duty to look and listen as a rule of law, and if this duty is omitted the court is bound to

instruct, as matter of law, that a verdict be returned in favor of the railroad company, except in cases of a peculiar nature, where there are facts excusing the performance of the duty. (3 Elliott on Railroads, sec. 1166.) And, formerly, this court, in passing upon questions both of law and fact, frequently prescribed the same duty; but it has since been repeatedly held that it cannot be said, as a matter of law, that a traveler is bound to look or listen, because there may be various modifying circumstances excusing him from doing so. A rule of law must necessarily be fixed and certain, so as to constitute a guide for the conduct of the traveler and enable him to know exactly what he must do, and also a certain rule for the court; but there can be no such certain guide in each case if there may be facts which will excuse the traveler or justify a different course of conduct from that fixed by the rule. The traveler may not be in fault in failing to look or listen if misled without his fault, or the view may be obstructed by objects or by darkness, and other and louder noises may interfere with his hearing. It seems to us impossible that there should be a rule of law as to what particular thing a person is bound to do for his protection in the diversity of cases that constantly arise, and the question what a reasonably prudent person would do for his own safety under like circumstances must be left to the jury as one of fact. (*Pennsylvania Co.* v. *Frana,* 112 Ill. 398; *Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 id. 132; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker,* id. 540.) The same rule, we think, should apply to an attempt to cross in smoke or dust, since it cannot be denied that there may be circumstances where a person may be misled by a gateman or flagman, or by some negligence of the railway company, or some other circumstance may excuse the attempt to cross.

If there is no fixed rule of law applicable to all cases, yet the question of negligence in each particular case

may become a question of law and come within the province of the court, so that a particular verdict may be directed, if the evidence in the case is such that all reasonable men would be agreed in their conclusion from it. Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury; but if the court can say that but one reasonable inference can be drawn from the facts, the court should act accordingly. *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor*, 119 Ill. 586; *Hoehn* v. *Chicago, Peoria and St. Louis Railway Co.* 152 id. 223; *Illinois Central Railroad Co.* v. *Larson*, id. 326; *Wabash Railway Co.* v. *Brown*, id. 484; *Werk* v. *Illinois Steel Co.* 154 id. 427.

It was under these rules that the court was called upon to act upon the motion, in view of the evidence of both parties. In any view of that evidence it could not be affirmed, as a rule of law, merely, that plaintiff was negligent in attempting to cross when her view was obscured by smoke and dust. But that fact was disputed, and the question whether or not she was in the exercise of ordinary care depended upon all the surrounding circumstances, including the questions whether she looked for the approaching train, whether it could be seen, the amount of smoke and dust, and the extent to which they interfered with sight. The conclusion depended upon all the evidence, and we think the question of her negligence was properly submitted to the jury. Whether the verdict of the jury upon the question so submitted was a just and proper conclusion from the evidence cannot be the subject of inquiry or investigation here. The judges of the trial court and of the Appellate Court have each passed judgment on the facts and approved the finding and judgment, and the conclusion of the Appellate Court in that respect is final.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*