HENRY A. FOSTER, Admr.

*v.*

THE WADSWORTH-HOWLAND COMPANY.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS —*direction of verdict for defendant at close of evidence—when sustained.* To sustain, on appeal, the trial court's action in directing a verdict for the defendant at the close of *all* the evidence, it must appear that the evidence of both plaintiff and defendant, together with all justifiable inferences to be drawn therefrom, would not have supported a verdict for plaintiff had one been returned.

2. NEGLIGENCE—*employer not liable for negligence of independent contractor—illustration of rule.* One who contracts with a business house to do all its hauling and delivery work at a specified sum per week, furnishing teams, wagons and drivers, over which he retains full control, is a contractor, and not a servant, and the business house is not liable for the negligent driving of the wagons, though its name and address are painted thereon.

*Foster* v. *Wadsworth-Howland Co.* 68 Ill. App. 600, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This was an action by appellant, as administrator, against appellee, for causing the death of Dora Goldman, seven years of age. The declaration contained three counts, the first charging appellee with killing the deceased through negligence of its servant in fast driving a team of horses. The second count sets out an ordinance of the city of Chicago forbidding, under penalty, any one, upon turning a corner of any street or crossing the intersection of any street, to drive any horse or horses with greater speed than four miles an hour, and alleging negligence in driving at a greater speed than four miles an hour. The third count sets out another ordinance prohibiting the driving of a horse or horses in the city at a

greater speed than six miles an hour, and charges violation thereof.

About noon on March 4, 1891, the deceased, then about seven years of age, was on her way from school, crossing Clark street at the intersection of Polk street. She was walking on the north side of the crossing, proceeding westward, when she was struck by a wagon and almost instantly killed. The horses were attached to a wagon having the name of appellee and its place of business painted thereon.

The first trial of this case resulted in a verdict for plaintiff, which, on appeal to the Appellate Court for the First District, was reversed and the cause remanded. (50₀ Ill. App. 513.) On a new trial in the Superior Court of Cook county that court, at the conclusion of the evidence, instructed the jury to find the defendant not guilty. A motion for a new trial was overruled and judgment entered against plaintiff for costs. On appeal again to the Appellate Court this judgment was affirmed, and from that judgment this appeal is prosecuted to this court.

B. M. SHAFFNER, for appellant:

The fact that a person is found performing service for another is *prima facie* evidence that he was in that person's employ. Wood on Master and Servant, sec. 306; *McCoun* v. *Railroad Co.* 66 Barb. 338.

One holding himself out to the world as owner of a cart and the master of the driver of it, is responsible for the negligence of such driver. *Stables* v. *Eley*, 1 C. & P. 615.

If a servant employs another person to do his work or to assist him therein, the master is liable for an injury resulting from such person's acts. Wood on Master and Servant, sec. 308, and authorities cited.

The fact that there is an intermediate party, in whose general employment the person whose acts are in question is engaged, does not prevent the principal from being held liable for the negligent conduct of his sub-agent

or under-servant, unless the relation of such intermediate party to the subject matter of the business in which the under-servant is engaged be such as to give him exclusive control of the manner and means of its accomplishment and exclusive direction of the persons employed therefor. *Kimball* v. *Cushman,* 103 Mass. 194.

·Contractors constructing a railroad are the servants of the company, and it is liable for their tortious acts. *Railroad Co.* v. *McCarthy,* 20 Ill. 385.

KERR & BARR, for appellee:

To constitute the relation of master and servant the person employed must be subject to the orders and control of the employer. He must be acting strictly in the place of the employer· in representing the employer's will and not his own, and the business must be strictly that of the employer and not his own, or the employer cannot be held chargeable for the consequence of his acts. Wood on Master and Servant, sec. 314.

The real test by which to determine whether a person is acting as the servant of another, is to ascertain whether, at the time the injury was inflicted, he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or for misconduct. Wood on Master and Servant, sec. 317.

As a general rule, no one can be held responsible as principal who has not the right to choose the agent from whose act the injury flows. *Kelly* v. *Mayor,* 1 Kern. 432.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The only questions presented by appellant for the consideration of this court urging the reversal of this judgment are, with one exception, those of fact.

After the close of all the testimony in the case, both for plaintiff and defendant, the court instructed the jury, that, under the evidence in the case, the plaintiff was

not entitled to recover and that the jury should find the defendant not guilty. Exception was taken to the giving of this instruction, and the jury thereupon returned a verdict for defendant. It is urged it was error in the trial court to give this instruction. Where an instruction is given or asked at the close of plaintiff's testimony, instructing the jury to return a verdict at that stage of the case, the only question raised by the instruction, and the only one which can be considered by this court, is whether or not there was at that time evidence tending to prove the averments of plaintiff's declaration. (*Cicero Street Railway Co.* v. *Meixner,* 160 Ill. 320; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340; *Chicago, Rock Island and Pacific Railway Co.* v. *Lewis,* 109 id. 120; *Goodrich* v. *Lincoln,* 93 id. 359; *Lake Shore and Michigan Southern Railway Co.* v. *Johnsen,* 135 id. 641; *Phillips* v. *Dickerson,* 85 id. 11; *Purdy* v. *Hall,* 134 id. 298.) Where, however, the motion to instruct the jury to return a verdict for defendant is made at the close of all the evidence in the case, and allowed by the court, it must be that the evidence, both for plaintiff and defendant, with all the inferences which the jury might justifiably draw therefrom, is not sufficient to support a verdict for the plaintiff if one should be returned. *Lake Shore and Michigan Southern Railroad Co.* v. *Richards,* 152 Ill. 59, and authorities cited.

The principal question necessary to be considered in this case to determine whether or not this instruction was erroneously given by the court, is whether the driver of the wagon which caused the death of appellant's intestate was a servant of appellee. The wagon bore the name of the appellee company. In *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Callaghan,* 157 Ill. 406, where a party was injured by an engine which was lettered with the name of the plaintiff in error, this court held that was *prima facie* evidence of possession by that company. *Prima facie* evidence may be overcome or rebutted by

proof of opposite facts, and in the case at bar it appeared from the evidence that the driver of this wagon was in the employ of one Smiddie, who owned two teams and wagons and who contracted with appellee to do its hauling for a specified sum per week   The driver of the wagon which caused the injury was not an employee of appellee nor subject to its orders, but was under the control and in the employ of Smiddie.   Smiddie contracted to do the hauling, which contract necessarily carried with it the duty to employ such assistants as might be required.   His relationship with appellee was therefore in the nature of a contractor, rather than servant.   "One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas or in accordance with the plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor, and not a servant." *Hale* v. *Johnson*, 80 Ill. 185.

The case of *Wood* v. *Cobb*, 13 Allen, (Mass.) 58, is similar, in many respects, to this case.   Plaintiff was struck by a wagon driven by one Wheeler, whose wagon had just left the place of business of defendants loaded with their goods.   It developed that the defendants contracted with one Foster to deliver all their goods, and Foster, being sick, had asked permission to have Wheeler drive his wagon.   The court held Foster to be a contractor with the defendants and Wheeler in the employ of Foster, and the defendants not liable, and instructed the jury accordingly, and in its opinion the Supreme Court of that State said:   "The testimony of the witness introduced by the defendants would warrant no other inference than that the person who was in charge of the horses and wagon at the time the injury was done to the plaintiff was not in the employment or service of the defendants, but was acting as a servant of the third person, who exercised an

independent employment in no way subject to the command or control of the defendants as to the method in which it should be carried out." In this case appellee exercised no control over the driver of this wagon; it did not employ him; it did not pay him; it had no right to discharge him, nor had it the right to direct how or in what manner his work should be done, further than it should conform with its agreement made with Smiddie. Under the circumstances the driver of the wagon was not the servant of appellee, and, consequently, there could be no liability against it.

The instruction of the trial court to the jury to find for the defendant was not error. If any other verdict should have been returned the court could not legally have permitted it to stand.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*