## Patrick H. Boyle v. Illinois Central R. R. Co.

1. PRACTICE—*Where Motion to Instruct Jury to Return Verdict for Defendant is Made at Close of the Evidence.*—Where the motion to instruct the jury to return a verdict for the defendant is made at the close of all the evidence, the question to be determined is, whether such evidence, both for plaintiff and defendant, with all the inferences which the jury might justifiably draw therefrom, is or is not sufficient to support a verdict for the plaintiff, should one be returned.

2. SAME—*Where Case Should Be Taken from Jury.*—Where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff, that such a verdict, if returned, must be set aside, the court is not bound to submit the cause to the jury, but may direct a verdict for the defendant.

3. WORDS AND PHRASES—*" Evidence Tending to Prove."*—Evidence tending to prove, or, in other words, evidence tending to sustain the issues in behalf of the plaintiff, means more than a scintilla of evidence, that is, it means evidence upon which the jury could, without acting unreasonably in the eye of the law decide in favor of the plaintiff or the party producing it.

4. NEGLIGENCE—*Concurring Negligence of Two Different Parties.*— If a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately.

5. SAME—*Failure to Look if a Train is Approaching.*—While a failure to look to see if a train is approaching is not in law negligence *per se*, it is negligence in fact, if there are no conditions or circumstances which excuse looking.

Action in Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

CHARLES WOODWARD, WILLIAM H. MARTZ and DAVID J. WILE, attorneys for appellant.

JOHN G. DRENNAN, attorney for appellee; J. M. DICKINSON, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court. This is a suit to recover for personal injuries. The acci-

dent occurred in June, 1895. Appellant states that he had been playing football in the afternoon at Thirty-ninth street and Princeton avenue, Chicago. After the game he went to a saloon, where he had two or three glasses of beer, and took supper with the family, remaining until about six o'clock. From there he called at two other places, remaining at the last until about eleven o'clock, in social enjoyment. He states that he drank no beer nor any other intoxicant. He then took a street car going north to Archer avenue, where his attention was attracted by a fight, which he got off the car to see. Thence he walked north on Joseph street, "making in the direction of home without knowing what direction" he was going. He was not familiar with the neighborhood and was trying to make a short cut to Harrison and Van Buren streets. He crossed the tracks, and finding that his further progress north was barred by the termination of Joseph street a short distance beyond the crossing, he turned around and retraced his steps almost immediately. Returning, he approached the crossing again, this time from the north, taking the sidewalk on the east side of Joseph street. He says he remembers "crossing the railroad tracks both coming and going;" that the gates there were not lowered; that after passing the gates he looked east and west and saw freight cars standing upon the two most northerly of the tracks, seventy-five to eighty or ninety feet away from the crossing. Coming to the third track he says he looked to see if there were any cars approaching thereon, and saw none upon either that or the fourth track. He proceeded, passing upon the west side of the watchman's or gateman's tower, and before attempting to cross the fifth track he again looked east to see if any train was coming thereon, but saw none. He states that he was walking pretty fast and it was late; that he was still north of this fifth track and approaching it, when he was suddenly struck upon the left side of his head by the side of an engine, attached to a train which came from the east, running upon the said fifth track. He states that he was relying upon his eyesight

by looking to see if any trains were coming, and saw the engine just as it struck him, when he had taken one or two steps after emerging from behind the watchman's tower. The night was warm and clear. He says he heard neither bell nor whistle, and saw no watchman or other persons there at the time.

At the conclusion of all the evidence, the court, on motion of appellee's counsel, instructed the jury to find the defendant not guilty, which was done.

Appellant's counsel contend that the gates at the crossing were not lowered and that no warning of any kind was given of the approach of the train by which appellant was injured.

The motion to instruct the jury to return a verdict for the defendant having been made at the close of all the evidence, the question to be determined is, whether such evidence, both for plaintiff and defendant, with all the inferences which the jury might justifiably draw therefrom, is or is not sufficient to support a verdict for the plaintiff, should one be returned. Bjork v. I. C. R. R. Co., 85 Ill. App. 269; Foster v. Wadsworth-Howland Co., 168 Ill. 514; Offut v. Columbian Exposition, 175 Ill. 472; McGregor v. Reid, 178 Ill. 464.

Instructions taking the case from the jury should only be given where the evidence is wholly insufficient, if credited, to sustain a verdict for the plaintiff. Where there is evidence tending to sustain the issues in behalf of the plaintiff, the weight to be given thereto must be submitted to the jury. L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59 (72).

But where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the cause to the jury, but may direct a verdict for the defendant. Simmons v. Chicago & Tomah Railroad Co., 110 Ill. 340 (346).

"Evidence tending to prove," or in other words, evi-

dence tending to sustain the issues in behalf of the plaintiff, " means more than a 'scintilla' of evidence," that is, it means " evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it." Bartelott v. International Bank, 119 Ill. 259 (272); Offut v. Columbian Exposition, *supra*.

And it is said in the last mentioned case (p. 475), quoting from Mr. Justice Maule :

"Applying the maxim *de minimis non curat lex*, when we say there is no evidence to go to the jury we do not mean that there is literally none, but that there is none which ought reasonably to satisfy the jury that the fact sought to be proved is established."

The assertion " that no warning of any kind was given of the approach of defendant's train," rests chiefly upon the testimony of appellant that he did not see any light on the engine, and it is urged that " the natural and reasonable inference and deduction to be drawn from this evidence would be that no bell was being rung on the locomotive, that no warning of any kind had been given, that the headlight was not lit, or its glare obstructed from view of the plaintiff." We have quoted this from the brief of appellant's counsel because it shows reliance, not upon testimony or other direct evidence, but upon inference with reference to the bell and headlight. It is needless to say that if appellee is to be held guilty of negligence in these respects, it must be upon evidence tending to sustain the charge, not upon mere inference or conjecture. And where there is evidence, as in this case, that the light was burning and the bell ringing as the train approached the crossing, a verdict for the plaintiff, if returned, could not have been sustained upon any mere inference that the fact must be otherwise because plaintiff failed to notice, and because two other witnesses say that they did not observe the train's approach.

There is evidence, however, in behalf of appellant, tending to show that the crossing gates were not lowered. There are, it appears, in all four tracks of the C. & A. Ry. Co., two of the Illinois Central, the appellee, and two of

the A., T. & S. F. Ry. Co. at this crossing of Joseph street where the accident occurred.   There is undisputed evidence that the gates in question were erected and controlled by the Chicago & Alton Ry. Co., and were not under control of appellee.   If " a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately."   Village of Carterville v. Cook, 129 Ill. 152 (156) and cases cited; McGregor v. Reid, 178 Ill. 464 (470).

But it must clearly appear that there was negligence causing, or at least contributing to the injury on the part of appellee or its agents before the latter can be held liable. It has been said that a "railway is not liable for negligent acts of those who are not its agents."   Patterson on Ry. Accident Law, Sec. 129.

Unless there was some negligence on the part of appellee it can not be held liable for negligence of a third party not its agent or employe.   The charge in the declaration is that the appellee "was in possession of, using and controlling certain gates," which it was its duty to lower as the train approached.   But the averment is not supported by any evidence, and is disproved by undisputed testimony.

The same is true as to the averment of negligence in permitting cars to stand upon side tracks near the crossing. There is no dispute that the cars so standing were on the tracks of the C. & A. Ry. Co., and not upon the tracks of appellee.   We need not, therefore, consider the question whether there was negligence in allowing them to be there, or not.   If there was, which we do not intimate, it was not the negligence of appellee.

It appears from appellant's testimony that he was not on the track itself when he was struck by the engine, but on the side of the track and approaching it.   He appears to have reached the track at the instant when the engine was passing the point of intersection of his course with that of the train.   He was hit only upon the head and not by the front of the engine, according to his own statement, but by its side.   In other words, he thrust his head blindly against a

passing engine. It appears that there was nothing to obstruct his view of the approaching train except the watchman's tower, from behind which he emerged a few seconds before he struck the engine. The tower was a small structure, which he must have passed in two or three steps, and before reaching it his view of the approaching train, going only at the rate of from twelve to fourteen miles an hour, was unobstructed. It is evident that appellant did not take the precaution to look. It was near midnight, a warm summer evening. He had been engaged in vigorous exercise and amusement during the afternoon and evening. Whether he was drowsy, or failed to exercise due caution, because of physical fatigue, does not appear. But that he did fail to use ordinary care for his own safety, seems to admit of no question. In I. C. R. R. Co. v. Batson, 81 Ill. App. 142, after a review of authorities in this State, the court says:

"These authorities, and many others that might be cited, warrant the statement that while a failure to look if a train is approaching is not in law negligence *per se*, it is negligence in fact, if there are no conditions or circumstances which excuse looking. And a jury, without evidence of conditions or circumstances which excuse looking, when looking would disclose the danger, is not warranted in finding that such failure to look is not negligence."

We find no error in the action of the Circuit Court in directing a verdict for the appellee. Had the case been submitted to the jury and any other verdict returned, the court could not legally have permitted it to stand. Bjork v. I. C. R. R. Co., 85 Ill. App. 269.

Appellant was seriously injured, but we find no ground for holding appellee responsible therefor. The judgment of the Circuit Court must be affirmed.