## Chicago & E. R. R. Co. and Chicago & W. I. R. R. Co. v. D. S. Sutherland.

1. NEGLIGENCE—*Charges of, Can Not Be Sustained by Mere Conjecture.*—If a railroad company is to be held guilty of negligence causing an injury it must be upon evidence tending to sustain the charge and not upon mere conjecture.

2. SAME—*Omission of a Railroad Company to Close Its Gates at a Street Crossing.*—Where a person about to cross a railroad track hears and sees an approaching train and stops to let it pass, he must be held to have had all the warning the gates could have given him had they been properly closed, and if injured by the train he can not recover on the ground that the gates were not closed.

**Action in Case,** for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1899.   Reversed. Opinion filed April 4, 1900.

W. O. JOHNSON and STIRLEN & DICKSON, attorneys for appellants; E. A. BANCROFT, of counsel.

C. K. DENTON and F. B. POSEY, attorneys for appellee; THOMAS E. D. BRADLEY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by appellee to recover for personal injuries. A verdict was returned and judgment thereon was entered in his favor in the Circuit Court, from which this appeal is prosecuted.

The principal question to be determined is, whether there is evidence fairly tending to show that appellee's injuries were caused by negligence on the part of appellants.   Coun-

sel for the latter requested an instruction in writing, at the close of the plaintiff's case, directing the jury to find the issues for the defendants, which was refused. The motion was renewed in proper form at the conclusion of all the evidence and again denied, the court refusing to instruct the jury that the evidence was not sufficient in law to sustain a verdict for the plaintiff.

Appellee's version of the circumstances attending the accident is that he had crossed the railroad tracks where the accident occurred, and gone east upon Sixty-seventh street, a distance of fifty or seventy-five yards, when he remembered that he had forgotten to order some coal which he had been requested to procure. Turning back he again approached the tracks, this time from the east. He states that he looked, and neither saw nor heard any train; that he thereupon walked upon the tracks intending to go to the coal office which stood on Sixty-seventh street, west of the railroad crossing; that he had not gone very far when he heard a noise and saw "a train like towards north," that is, a train going south; that a young lady and gentleman in front of him went across ahead of the approaching engine; that he stopped to let the train pass; that as it did so it made "a terrible noise," and feeling that he was not far enough away from it, he stepped back, and "right then" he was struck, which was the first intimation he had of the approach of the north-bound train, by which he was injured. Upon cross-examination he states that he can not say whether he looked to the south to see if there was any train coming from that direction or not.

The alleged negligence of appellants consisted, according to the statement of appellee's counsel, first in failing to lower the gates at the crossing where the accident occurred; second, "failing to signal the plaintiff when he was going upon the track;" third, in failing to ring the bell and blow the whistle as required by statute, and by the municipal code of Chicago.

Considering these for convenience in their reverse order, it is conceded by appellee's counsel that "no one testifies

C. & E. R. R. Co. v. Sutherland.

positively that the bell was not rung or the whistle not blown." There is ample testimony that the bell was ringing and the whistle was sounded as the train was approaching the place where appellee was standing. This is not contradicted unless it be by the testimony of plaintiff and another witness who was some distance away, that they did not hear these signals. But if appellee's version of the conditions—that when he was struck a south-bound train was passing in front of him with a great noise—is to be accepted, the fact that he and another person say they did not hear the bell or whistle of the north-bound train, can not be said to tend to prove, under the circumstances, that these were not sounded, even in the absence of the overwhelming and uncontradicted testimony that they were.

It is said by appellee's counsel that " the testimony is uncontradicted that the gates were not lowered, and that the flagman was not in sight when the plaintiff went on the tracks," and it is urged that this " was the grossest kind of negligence." There is testimony tending to show that the crossing at Sixty-seventh street was in process of repair at the time. Appellee himself testifies that he " knew they were tearing up the crossing there." The gates upon the east side of the tracks had been removed. It is not quite true to say that the testimony is uncontradicted that the flagman was not in sight when the plaintiff went on the tracks. Appellee states that he does " not remember seeing a flagman at Sixty-seventh street," and another witness in his behalf says she could not see the flagman from where she was " because the train was right in the way." But another of his witnesses testifies that she " did not see a flagman until the train that was going south had gone on, and then I saw the flagman coming around the engine after the man had been picked up." It appears, therefore, that the flagman was there, apparently on duty, posted on the west side of the crossing, where there was a " tower," and where for aught that appears it was his duty to be. There is nothing to show that the appellee could not have seen him before entering upon the crossing if he had taken the

pains to observe. The assertion so boldly made that "the flagman was not in sight when the plaintiff went on the tracks," is apparently a mere inference of appellee's counsel, entirely unsupported, so far as we can discover by the evidence. If appellants are to be held guilty of negligence causing appellee's injuries, it must be upon evidence tending to sustain the charge, not upon mere conjecture.

The only remaining ground upon which the charge of appellants' negligence rests, is that gates were not lowered on the east side of the crossing, from which appellee approached when he turned to go back across the tracks, according to his own version, just before the accident. It appears that there was nothing to obstruct his view of the tracks in either direction. He heard and saw the train approaching from the north, and stopped to let it pass. We said in Theobald v. C., M. & St. P. Ry. Co., 75 Ill. App. 208, on p. 215, that gates are put up to give warning that trains are passing or about to pass; and when the appellee saw a train going by in front of him, he had all the warning that the gates could have given, even if a dozen trains had been approaching. The train which struck him was in full view. Its approach was not concealed by the train going south which he says was passing before him. He was injured because he remained so near the rail as to be struck by the right side of the pilot beam of the engine of the north bound train. The evidence affords no ground for concluding that his being in such position was the result of any negligence on the part of appellants. See, also, Bjork v. I. C. R. R. Co., 85 Ill. App. 269, and I. C. R. R. Co. v. Batson, 81 Ill. App. 142–153. The verdict of the jury and judgment of the trial court upon evidence not conflicting, is not binding upon this court, where upon its consideration we find that such verdict and judgment are clearly against the weight of the evidence, and ought not, as a matter of law, to stand. C. & N. W. Ry. Co. v. Holdom, 66 Ill. App. 201, 203.

There is direct conflict in the evidence as to where appellee was when he was struck. It is claimed by the appel-

lants that he was not at the street crossing but walking along the railroad right of way, some distance south of Sixty-seventh street, and there is considerable testimony tending to support this theory.   But we have assumed that the facts in this respect were precisely as appellee claims, notwithstanding the apparently preponderating evidence to the contrary.

It seems from this record that the material facts are fully before the court, and that a new trial could not benefit appellee.

The judgment of the Circuit Court is therefore reversed, but the cause will not be remanded.