## James M. Patterson, Admr., v. Chicago & Western Indiana R. R. Co., et al.

### Gen. No. 10,853.

1.   ORDINARY CARE—*when the question as to the exercise of, is one of fact.*   Where, taking the evidence most strongly in favor of the plaint-·iff and drawing therefrom the inferences in his favor, the jury might properly find that there was the exercise of ordinary care, then the question is one of fact to be submitted to the jury.

2.   ORDINARY CARE—*when the question as to the exercise of, is one of law.*   Where, taking the evidence most strongly in favor of the plaint-iff and drawing therefrom the inferences in his favor, the only conclusion that could bé reasonably or properly drawn is that there was not the exercise of ordinary care, then the question is one of law, and a verdict, may properly be directed.

3.   CONTRIBUTORY NEGLIGENCE—*when, appears as a question of law.* Where a person undertakes to cross railroad tracks while a train is rapidly approaching and the view of such person is not obstructed, and no extenuating circumstances appear, then contributory negligence appears as a matter of law and a verdict for the defendant should be directed.

Action on the case for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed.   Opinion filed December 18, 1903.·   Rehearing denied January 26, 1904.

MASTERSON, HAFT & DANDRIDGE, for appellant.

EDGAR A. BANCROFT, for appellees.

Appellant's intestate, a young lady eighteen years old, and her sister, two years younger, while proceeding east on the north side of Twenty-ninth street, Chicago, across the tracks of appellée, were struck by a locomotive of appellee, and both were killed.

An action was brought, under the statute, by appellant, as administrator of the estate of the elder of the two sis-

ters, against appellee. Upon the trial, at the close of all
the evidence, the court directed a verdict for the defend-
ant; judgment was entered on the verdict, to reverse which
this appeal is prosecuted.

MR. JUSTICE BAKER delivered the opinion of the court.

In order to recover in this case, it was necessary for ap-
pellant on the trial to prove that the decedent exercised
reasonable care for her own safety.

Negligence is a question of fact and therefore a question
for the jury, and if from the evidence in this case, taking
the evidence most strongly in favor of the plaintiff, and
drawing therefrom the inferences in favor of the plaintiff
the most favorable that could reasonably be drawn, the
jury might properly find that the decedent was in the ex-
ercise of reasonable care for her own safety, then the ques-
tion whether she was in the exercise of such reasonable care
should have been submitted to the jury. But if from the
evidence the only inference that could reasonably or prop-
erly be drawn was that the decedent was not in the exer-
cise of reasonable care for her own safety, then the court,
upon that ground alone, properly directed a verdict for
the defendant. Bjork v. I. C. R. R., 85 Ill. App. 269; C. &
N. W. R. R. Co. v. Hansen, 166 Ill. 623.

Defendant had across Twenty-ninth street five tracks;
the first from the west was a switch track, then came
tracks 4, 3, 2 and 1 in the order stated. In an open space,
a short distance north of Twenty-ninth street, was a tower.
East of this open space were several tracks of another com-
pany. West of the switch track were the west gates.
Tracks 1, 2, 3 and 4 are straight, and the view thereof un-
obstructed for a great distance, both north and south. The
morning was bright and clear. The west gates were down,
the tower bell was ringing. A passenger train passed south
on track 2. While that train was crossing Twenty-ninth
street, a locomotive was coming from the south on track 3.
There is no evidence that the smoke of the train going
south obstructed the view of the locomotive coming from

the south.  The track on which the passenger train ran, was east of the track on which the locomotive was; the decedent was west of that track, going east, and the passenger train could in no way have interfered with or obstructed decedent's view of the coming locomotive.

It was under these circumstances that decedent stepped upon track 3, upon which the locomotive was coming rapidly towards her, and before she had crossed over it she was struck and killed.  We have carefully searched the record for either direct evidence or evidence of facts and circumstances attending the awful tragedy, from which the jury might reasonably have found that the decedent was herself free from fault, free from negligence which contributed to her injury and death, and have found none.  But from the evidence, can draw only the conclusion that the conduct of the decedent must be regarded as "so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent."

"Where the court must say that but one reasonable inference can be drawn, from the facts, as to the negligence of the plaintiff, or his intestate, the court may and should direct a verdict accordingly."  Bjork v. 1. C. R. R., *supra,* 272.

In our opinion, the Superior Court under the evidence in this case properly directed a verdict for the defendant, and the judgment will be affirmed.

*Affirmed.*