## Joseph Velzandt v. The Friedman Manufacturing Company.

### Gen. No. 11,532.

1. MASTER—*when not liable for servant's injury.* Where it appears that the master has furnished to the servant a place to work, provided with apparatus intended and sufficient to guard him against an accident such as he claims to have received, and the injury results from a danger obvious and apparent, the master is not liable, and a motion to direct a verdict for the defendant is properly sustained.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

Statement by the Court. This is an action by appellant to recover for personal injuries. At the trial, after

all the evidence was in, the court directed a verdict for the defendant and entered judgment accordingly, from which the plaintiff appeals.

Appellant was in the employ of appellee, and engaged in feeding leaf lard into a machine called a "hasher." There is evidence tending to show that he had about sixteen years' experience in and about packing houses, having been employed by the Anglo-American Provision Co., and by Swift & Co., as well as by appellee. He first worked at a "hashing machine" about thirteen years before the injury, to recover for which this suit was brought. He was familiar with its dangers. When in the employ of Swift & Co., he had the misfortune on two occasions to lose portions of his fingers in such a machine. He had worked at one time three or four months continuously at hashing and more or less at other times. He had used the machine which inflicted the injury complained of on a number of previous occasions.

The "hasher" consisted of a spiral screw worm connected with revolving knives. It was situated underneath a table in the top of which was an opening about nine inches in diameter. The "worm" was directly beneath this opening and according to appellant's testimony "about six or seven inches" below the surfaces of the table. The "hasher" was fed through the opening with strips of lard, which were sent down from the floor above through a chute. The chute was provided with a hook in form not unlike a rake, but with longer prongs, which was suspended in the chute within reach of the feeder and his assistant, its purpose being to check the downput of the lard when coming in too great quantities at once. The checking was effected by a simple movement of the hand pressing the hook against the side of the chute. This seems to have been all that was necessary to check and control the quantity of lard delivered.

Appellant claims that the accident was occasioned by the lard coming down faster than he could put it through the machine. He states that while feeding the hasher a

"bunch of lard" which he says contained about a hundred pounds came down upon his hand; that "when that bunch of lard came I could not stop it, or I do not know how it got in or when it got in. I do not know which way it got in. It took a second and I didn't get out." His arm was partially taken off.

It appears from appellant's statement that it was his helper's business to let him have the lard as fast as he wanted it. He testifies "we had a hook there to keep the lard back," which hook he says had five prongs and was in the chute. He says of this hook that it was "on the side and the front was tight down, and that would keep it back when it came too fast;" and again, "the handle of that fork was about three feet long I think. It was fastened on the side. I suppose the rake was there for the purpose of stopping the lard." It appears that the end of the handle of the hook was fastened above in the chute and the hook itself was movable, so that it could be pressed under the lard and against the side of the chute when it was desired to stop the lard from coming down too rapidly. So far as appears, therefore, this apparatus was in perfect working order and was effective for the purpose for which it was designed.

BEACH & BEACH, for appellant.

JAMES W. DUNCAN and C. LEROY BROWN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The alleged negligence upon which appellant bases his claim to recover is, that the master had failed to furnish a reasonably safe place for appellant to work, and failed to exercise reasonable care in adopting proper precautions to protect him from avoidable danger. The claim is that the injury was caused by the sudden descent of a quantity of lard weighing about a hundred· pounds upon appellant's hand, forcing it into the hole in contact with the knives beneath. It appears, however, from the evidence, that if the accident was thus caused, it was not owing to any fail-

ure of appellee to provide suitable means for regulating the flow and preventing such contingency. It is not contended that this apparatus was not in working order, and entirely sufficient for its purpose. It appears to have been under the control of appellant's helper, or, as he calls himself, "partner." This man stood on the other side of the table opposite and about two feet from appellant. It was his business to regulate the quantity of lard delivered on the table to be fed into the hasher. He did this he states by keeping his right hand on the fork while with his left hand he "pulled the lard from beneath the fork and put it down in the hole and there the feeder would take it." He testified as a witness for appellant, but denies that a hundred pounds fell down at once, as appellant testified, and says that nothing of that kind happened. He testifies that as he used the fork at that time it held the lard back.

We have then a case where appellee had furnished appellant a place to work provided with apparatus intended and sufficient to guard against an accident such as appellant claims caused the injury. If there was a failure to make use of the guard-hook, which the helper denies, it was not the fault of the master. The ordinary dangers of the occupation of feeding the hasher were as well known to appellant who had previously suffered injuries from such machines as they could be to anyone. He knew that if he put his hand so far down into the opening in the surface of the table as to bring it in contact with the machinery six or eight inches below, the hand would be injured. The danger was obvious and apparent. Appellant assumed the risk, thus waiving claims for damages if he allowed himself to be injured. Browne v. Siegel Cooper & Co., 191 Ill. 226–233; C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492–495–6, and cases there cited.

The injury is extremely serious, but conceding it to have occurred just as appellee states, it was not owing to any negligence of the master, and as to this we are compelled to conclude there can be no difference of opinion among reasonable minds. The entire evidence with all the infer-

ences the jury could justifiably draw from it is insufficient to support a verdict for plaintiff. It was not error, therefore, to direct a verdict for the defendant as was done. Boyle v. I. C. R. R. Co., 88 Ill. App. 255–257. The judgment of the Circuit Court must be affirmed.

*Affirmed.*