## United Breweries Company v. Charlie Bass, by next friend.

### Gen. No. 12,011.

1. ORDINARY CARE—*when minor has not exercised.* A boy of ten years, who is of at least average intelligence, experience and capacity, has not, as a matter of law, exercised ordinary care where it appears by his own testimony that he saw the wagon which caused his injury approaching within ample time either to have crossed the street in front thereof or to have retraced his steps and reached a place of safety.

2. JOINT JUDGMENT—*what essential to sustain, in action of tort.* In order to sustain a joint judgment in an action of tort, it must appear that both defendants were guilty of the negligence charged in the declaration.

3. ADMISSION—*as to ownership, construed.* The admission of the ownership of the vehicle which caused the injury complained of, does not carry with it by implication an admission as to its control at the time of the injury.

4. CONTROL—*what overcomes presumption as to, arising from prima facie evidence of ownership.* The presumption arising from the name on the vehicle, that the party whose name appeared thereon was the owner thereof, and was, therefore, the employer of the men then having it in charge, is rebutted and overcome by the positive evidence of the driver thereof and his helper, that they were then in the employ of another and different party.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed July 3, 1905.

**Statement by the Court.** Appellee brought an action in case for damages against appellant and the Citizens' Brewery. In the afternoon of October 17, 1900, in Maxwell street, at a point 75 to 100 feet west of Union street in the city of Chicago, appellee was run over by a two-horse beer wagon, and thus received the injuries of which he complains.

The declaration alleges that the horses and wagon were owned and used by appellant and its co-defendant in their business of the manufacture and sale of malt liquors, and was then and there in charge of certain of their servants; that the defendants negligently and improperly drove and managed said team; that they drove said team at the unlawful rate of nine miles per hour; and that they improperly drove said team upon and along the left-hand side of the street, whereby said team ran into and struck appellee, etc. The defendants united in a plea of not guilty. The jury found the defendants guilty and assessed plaintiff's damages at the sum of $4,250. The plaintiff remitted $1,750, and judgment was entered against the defendants for the sum of $2,500. From the entry of this judgment appellant perfected the present appeal.

F. J. CANTY, E. E. GRAY and R. W. IRWIN, for appellant.

WING & WING, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the Court.

The evidence of appellee tended to prove that the brewery wagon was driven south along Union street until Maxwell street was reached, when it passed west along the latter street on a line south of the center of the roadway, the horses being on a trot and going at eight or nine miles per hour; that appellee, a boy of ten years, was going home from school; that he walked south on the west sidewalk of Union street to Maxwell street, and there walked a few feet west along the north side of the last named street, and then proceeded in a southwest direction across the road-

way; and that when south of the center line of the roadway he was struck and run over by the beer wagon.

The evidence of appellant is that just before the accident a Bremner Biscuit wagon was passing west about six feet in advance and a little to the north of the beer wagon; that the speed of the beer wagon did not exceed four miles per hour; that appellee was riding on the low tailboard or rack of the Bremner wagon; that appellee suddenly and without any warning jumped from his place on the Bremner wagon and ran south and against the pole of the brewery wagon, was thrown to the ground and run over by the south wheels of the wagon; that the driver of the brewery wagon, when he saw appellee jump from the rear of the Bremner wagon, did everything in his power to avert the accident.

We have carefully studied the record in this case. Since the issues of fact may be again submitted to a jury for their consideration we refrain from quoting the evidence. The conclusion we have reached is that it is not shown that appellee used that degree of care and caution for his own safety which children of his age, intelligence and experience would use under like circumstances. His own testimony shows that he saw the beer wagon in ample time to have crossed the street or to have retraced his steps in safety. Appellee is shown to have been a child of at least average intelligence, experience and capacity to know and to appreciate the danger in attempting to cross the roadway in the face of the approaching team, which he saw when it was 50 or 60 feet distant from him.

Further, this judgment is joint. To support it the evidence must show the negligence of both of the defendants as charged in the declaration. It is not sufficient that the evidence shows one of the defendants is guilty of such negligence. It must also appear that the other defendant is guilty, or the joint judgment must be set aside and a new trial granted. A judgment at law is a unit. If it is not good as to all the defendants, it must be reversed as to all. It cannot be reversed in part and affirmed in part. Hays v. Thomas, Breese, 180; Seymour v. Richardson F. Co., 205 Ill. 77, 81.

Just before appellee closed his case, the following colloquy took place between counsel for the respective parties:

"Mr. Newell: Now, with reference to the ownership of this wagon here: Will it be admitted, so as to get it into the record, that the United Breweries Company, at the time of this accident, had purchased the property of the Citizens' Brewery Company?

Mr. Irwin: Yes, sir; that is, we do not admit that it was their wagon that caused the accident.

Mr. Newell: But if it was the Citizens' Brewery wagon, then it was the property of the United Breweries Company?

Mr. Irwin: Yes, sir.".

It will be noted that this admission goes no further than to the ownership of the beer wagon. It does not concede that the wagon was in the custody or control of appellant by its servant or servants at the time of the accident. The uncontradicted evidence is that it was not. Powers testified that on the day of this accident he was driving this wagon for the Citizens' Brewing Company. Harnke, the helper on the beer wagon, says, " I was working for the Citizens' Brewing Co. and Powers." It is entirely consistent that the wagon should be owned by one defendant and be run by the other defendant. Appellant cannot be held for damages in this case unless the servants then in charge of the beer wagon were its servants. The presumption, arising from the name on the wagon, that appellant owned it and was therefore the employer of the men then having it in charge, is rebutted and overcome by the positive evidence of the driver and of the helper that they were then in the employ of the other defendants. Foster v. Wadsworth-Howland Co., 168 Ill. 514.

For the errors indicated the judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*