## Peter J. Marren, Appellee, v. Chicago & Northwestern Railway Company, Appellant.

### Gen. No. 17,998.

1. NEGLIGENCE—*question of fact for the jury.* Where plaintiff, a motorman, is injured by collision with a train in attempting to run his car across the railroad tracks, the question of contributory negligence on the part of plaintiff is a question of fact for the jury to be determined from the evidence.

2. RAILROADS—*motorman has right to assume railroad will obey the law.* A motorman in attempting to run a street car across railroad tracks has a right to assume that the railroad will obey the city ordinances as to the speed of its trains over the crossing and will give proper warning of their approach.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 25, 1913.

CALHOUN, LYFORD & SHEEAN, for appellant; EDWARD M. HYZER, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee, Marren, brought suit against appellant to recover damages for injuries sustained November 30, 1909, in a collision between a street car of the Consolidated Traction Company, which was being operated by Marren, as a motorman, and a work train of appellant. Appellee recovered a judgment for $3,000, and from that judgment appellant prosecutes this appeal. By peremptory instructions, the third, fifth, seventh and eighth counts of the declaration were withdrawn from the consideration of the jury at the trial.

The collision in question occurred on Lawrence avenue, an east and west street in Chicago, at the point

of the intersection of that street with the railroad tracks of appellant. At Lawrence avenue the tracks of appellant curve to the northeast for a distance of about 250 feet from the crossing, and then at that point they curve sharply in the same direction, so that from a distance of about 250 feet from Lawrence avenue the view of an approaching train from the north was entirely obstructed to persons intending to cross the tracks in Lawrence avenue.

Appellee, Marren, was the motorman of a car which approached the railroad tracks in question about seven o'clock in the morning from the west. When the street car reached the railroad crossing, a freight train was passing to the north on the westerly railroad track, and the car, on which appellee was motorman, stopped about 15 feet west of the most westerly railroad track. After the north-bound freight train had passed Lawrence avenue, the evidence for appellee tends to show, that the flagman of appellant, who was stationed at the intersection, waved his flag as a signal that the track was clear and that Marren's car might proceed to cross the tracks. Following the flagman's signal, the conductor of Marren's car, who was in the street and in advance of the car, called out to Marren to come ahead, and gave him a signal to start his car. Marren started his car, and as it was moving the conductor stepped upon the car. Appellee's evidence tends to show that before starting his car Marren looked both to the north and the south, but his view to the north was obstructed by the rear end of the passing freight train, and his view, in any event, if the freight train had not been there, would have been obstructed from a point 250 feet north of the crossing. When Marren's car had about reached the west rail of the most easterly railroad track, a work train of appellant, not running on any schedule time, and going at a rate of speed concededly in violation of the city ordinance, and without giving any warning, suddenly appeared in sight, and, although Marren turned off his power and re-

versed the mechanism of his car, he was unable to stop the car and move it out of the way of the train, and it was struck by the train.

Appellant, in its brief and argument, does not discuss the question of its own negligence or due care in running the train over the crossing, under the circumstances, at the speed shown by the evidence. Its contention here is, first that there was no evidence introduced on the trial tending to show that appellee was in the exercise of due care for his own safety, and second, if there was evidence tending to show that appellee was in the exercise of due care for his own safety, the great preponderance of the evidence is against appellee upon that question.

In support of the contention that there was no evidence tending to show due care on the part of appellee, it is argued that, under the facts shown in the record, as a matter of law, appellee was not in the exercise of due care as a motorman when he attempted to run his car over the railroad tracks. In support of this contention, Chicago & N. W. R. Co. v. Hansen, 166 Ill. 623; and Chicago, B. &. Q. R. Co. v. Sack, 136 Ill. App. 425, are cited. Upon the facts shown in evidence in this case, the question of contributory negligence on the part of appellee, Marren, was a question of fact for the jury. Our conclusion is, on a careful review of the evidence, that the preponderance of the evidence on the question of due care for his own safety on the part of appellee was with appellee. He had a right to assume that appellant would obey the ordinances of the city in running its train over the crossing in question. He also had a right to assume that appellant would give proper warning of the approach of its train at the crossing in compliance with the commands of the statute. Rosenthal v. Chicago & A. R. Co., 255 Ill. 552.

The judgment is affirmed.

*Affirmed.*