71   89
79  376

## Chicago & Alton R. R. Co. v. Theresa Fell.

1. VERDICTS—*Not Sustained by the Evidence.*—This court is unable to agree that it appeared from the proofs that the plaintiff was in the exercise of ordinary care for her own safety at the time she was injured, and feels constrained to reverse the judgment.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896.   Reversed and remanded. Opinion filed June 16, 1897.

WM. BROWN and J. E. POLLOCK, attorneys for appellant.

FIFER & BARRY, attorneys for appellee.

OPINION PER CURIAM.

Appellee recovered a judgment in the sum of $7,000, as damages for personal injuries received by being struck by an engine while she was attempting to cross the track of the company's railroad on Washington street in Bloomington.

This is an appeal from the judgment.

While the point is the subject of much conflicting testimony, yet we incline to the opinion we ought to accept the verdict of the jury as decisive of the charge that the engineer and fireman in charge of the engine at the time were guilty of negligence which contributed to the appellee's injury. But we are unable to agree that it appeared from the proofs the plaintiff was in the exercise of ordinary care for her own safety at the time.

When injured she was endeavoring to cross the tracks of the appellant railroad at the crossing of Washington street in Bloomington.

Appellee and her husband came from their home to Bloomington in a buggy with the intention of going to the depot, where she expected to meet her mother who was to arrive on an incoming train.

The horse they were driving became restless and frightened just before they reached the crossing of the railroad and Washington street, and appellee alighted from the buggy in the street and her husband turned the horse about and proceeded to drive him to a quieter portion of the city while she pursued her way to the depot on foot.

She passed from the street to the sidewalk and thence along the walk to the right of way of the railroad company with the design of walking across the track and into the depot.

She walked to the track and attempted to step over the rail nearest her but the engine was there at so near the same

instant that it struck her foot before it fairly rested upon the ground.

She seemed absorbed in thought of other affairs than such as related to her surroundings, and pursued her way as though oblivious to things about her.

The testimony, even if that of the witnesses for the appellant company be excluded from consideration, so strongly antagonizes the position that she was in the exercise of ordinary care that we are constrained to reverse the judgment.

In view of the fact that the case must be again heard we refrain from commenting in detail upon the testimony.

In order that the truth upon the question of appellee's conduct on the occasion in question may be more fully disclosed, and also the truth upon all other issues of fact involved may be again submitted to the consideration and judgment of another jury, we will remand the case.

Judgment reversed and cause remanded.