## Chicago & Alton Railroad Co. v. Theresa Fell.

1. NEGLIGENCE—*Running Trains at an Unlawful Rate of Speed.*—Where a railroad company runs a locomotive engine at a greater rate of speed within the incorporated limits of a city than is permitted by the ordinances, it is liable for all damages done, and such damage is presumed to have been done by the negligence of such railroad company or its agents.

2. PRESUMPTIONS—*From Running Trains at an Unlawful Rate of Speed.*—Where the unlawful speed of an engine and the injury done by it are established by the evidence, the *prima facie* liability of the railroad company is established, and in the absence of sufficient proof to rebut the presumption, it becomes conclusive.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Mr. Justice HARKER, dissenting. Opinion filed December 2, 1898.

JOHN E. POLLOCK, attorney for appellant; WM. BROWN, general solicitor.

FIFER & BARRY, attorneys for appellee.

PER CURIAM.

At a former time this suit was before us upon an appeal from a judgment against appellant for $7,000 for injuries to appellee in the loss of a leg, and other bodily hurts, and was reversed and the cause remanded for reasons stated in the opinion of the court (71 Ill. App. 89). The cause having been again tried by jury in the Circuit Court, a verdict

and judgment resulted against appellant for $5,000, from which it has appealed to this court a second time.

The negligence charged in the declaration, in the various counts, is that the engineer and fireman in charge of the engine of appellant were guilty of negligence, which caused the injury to appellee while she was attempting to cross the railroad of appellant at the crossing of Washington street, in the city of Bloomington. It is also specially averred, in one of the counts of the declaration, that at the time of the accident, the engine which caused the injury was being driven across the street at a greater rate of speed than ten miles per hour, in violation of the ordinance of the city upon that subject, in consequence of which the injury occurred.

The errors chiefly urged in this court for a reversal of the present judgment are that the verdict is against the evidence, and in this respect especially, that the evidence not only fails to prove ordinary care on the part of appellee for her own safety at the time she was hurt, but on the contrary, proves that she was careless, and that her injury was the result of such negligence on her part; and also the court erred in refusing a peremptory instruction to find for appellant, asked by it, and that the court gave improper instructions to the jury for appellee, and refused proper instructions requested by appellant.

It was said by this court when the case was before us the first time, " While the point is the subject of much conflicting testimony, yet we incline to the opinion we ought to accept the verdict of the jury as decisive of the charge that the engineer and fireman in charge of the engine at the time were guilty of negligence which contributed to appellee's injury." In view of all the evidence in the record before us, we are not inclined to believe it is, in any substantial particular, different than before, and we see no sufficient reason for receding from the statements quoted from the former opinion. Besides this, the evidence was conflicting upon the point as to the speed of the engine at the time of the injury, and the jury were warranted in

believing that such speed was greater than ten miles per
hour, the maximum rate allowed by the ordinance of the
city of Bloomington.

Section 24 of the act relating to operating railroads
(Rev. St. 1253), provides, in substance, that whenever any
railroad corporation shall run any locomotive engine at a
greater rate of speed in the incorporated limits of any city
than is permitted by any ordinance of such city, such cor-
poration shall be liable to the person aggrieved for all
damages done to the person by such locomotive engine, and
the same shall be presumed to have been done by the neg-
ligence of the corporation or their agents. The unlawful
speed of the engine and the injury to appellee by it being
established by the evidence, this, as we think, the jury were
warranted in believing, created the *prima facie* liability of
appellant; and in the absence of sufficient proof to rebut
the statutory presumption, it would become conclusive.
The jury were also justified in concluding that the evidence
fell short of overcoming this presumption, unless it proves
contributory negligence, or want of ordinary care on the
part of appellee, and thus we come to the principal ques-
tion of fact, so earnestly presented by counsel for appellant.

We have examined the evidence relative to the care
exercised by appellee at the time of her injury, to see if it
sustains the finding of the jury. Additional evidence was
introduced at the second trial upon this point, not heard by
the first jury, which, in view of all the other evidence, we
think fairly sustains the verdict. Besides this, it should not
be forgotten, the crossing at which appellee was so seriously
hurt being a public highway, she had a lawful right to
be upon it. She was entitled to presume as a matter of
fact, and to act upon such presumption, that appellant
would obey the law and run its engine at the place in
question at no greater rate of speed than the ordinance
permitted. Some of the witnesses, and the appellee herself,
testified she looked in the direction of the train, and it
is strongly contended that she saw it, or by the exercise of
ordinary care ought to have discovered it and avoided

the injury.   But the rights of both appellant and appellee were common on the highway, and if at that time the engine was being driven at a greater rate of speed than was lawful, who can say that such excess of speed did not cause the injury, and that the care in fact taken by appellee was such that an ordinarily careful person would have taken under the circumstances to avoid being injured by an engine driven at a lawful rate of speed.   From conclusions of this nature, and they are fair deductions from the evidence, we think the jury were at liberty to infer ordinary care on the part of appellee.   To hold otherwise would be, in effect, to presume negligence on the part of one in excuse of negligence on the part of another.   Illinois C. R. R. Co. v. Nowicki, 148 Ill. 29, and cases cited; Chicago & N. W. R. R. Co. v. Hansen, 166 Ill. 623.

It is our opinion the verdict is supported by the evidence, and it follows, therefore, there was no error in the refusal of the peremptory instruction asked by appellant.

We do not think the first instruction given for appellee is subject to the objections made to it.   It does not tell the jury, as insisted by counsel for appellant, that it was the duty of appellant to keep a number of persons on the engine to take care of appellee, but all it can be said to justly mean, in this respect is, in substance, that if appellant was negligent and careless in failing to see appellee, and if by the exercise of ordinary care in this regard, the injury to her would have been avoided, and in consequence of such negligence she was injured upon the crossing while she was in the exercise of ordinary care, the appellant was liable.   And from what we have before said, it is not objectionable for the want of evidence upon which to base that part of the instruction relative to ordinary care on the part of appellee.   We find no substantial error in the instructions of which complaint is made, and all that was proper in the refused instructions was contained in those given by the court at the instance of appellant, which were full and ample, covering all the material contested points in the case, and were in our opinion very favorable to appellant and all it could reasonably ask.

We find no reversible error in the record and proceedings of the Circuit Court, and its judgment will be affirmed.

MR. JUSTICE HARKER, dissenting.

I can not concur, for the reason that I think appellee was not in the exercise of ordinary care for her own safety, and that her injury was due to her own negligence and not to the negligence of appellant.