## Illinois Central Railroad Co. v. Dora Bartle, Adm'x, etc.

1. INSTRUCTIONS—*Where the Evidence is Not Satisfactory.*—Where the evidence of care on the part of a person killed in a railroad accident is neither clear nor satisfactory, the rulings of the court upon the admission and rejection of evidence bearing upon the negligence of the company should not be prejudicial to it.

2. EVIDENCE—*Knowledge of the Situation Surrounding an Accident.* —In an action by personal representatives of a person killed in a railroad accident at the crossing of a public street in the city of Mattoon in the night time, when the gates and flagmen, in use by day, were not used, it is competent to show that the person killed had knowledge concerning the maintenance of the gates and presence of the flagmen at the hour of the accident.

3. DAMAGES—*When a Material Question—Instructions.*—In an action for damages to next of kin, resulting from the death of a person killed in a railroad accident, an instruction telling the jury that they may assess the damages at such sum as they believe from the evidence to be a just compensation for the damage to the means of support sustained by the next of kin, is erroneous, as assuming that the deceased was a means of support to his next of kin.

4. PRESUMPTIONS—*Rebuttal of Statutory Presumptions.*—Where a person is killed by a railroad train while running at a greater rate of speed than that allowed by ordinance, the statutory presumption that the railroad company was guilty of negligence in such killing, may be rebutted by proof of contributory negligence or want of ordinary care on the part of the person killed.

Trespass **on the Case.**—Death from negligence, etc. Appeal from the Circuit Court of Coles County: the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed February 28, 1901.

CLARK, SCOTT & WILSON, attorneys for appellant; JOHN G. DRENNAN, of counsel.

The existence at a railroad crossing of gates seemingly

intended to be shut when trains pass, does not excuse a traveler from the duty of looking before crossing, but does give him the right to take that fact into consideration in determining to what extent he will look. Merrigan v. Boston & Albany R. R. Co., 154 Mass. 189.

A person, familiar with a railway crossing, and knowing that engines constantly go back and forth over the tracks there, is guilty of such contributory negligence as to preclude his recovery when, in attempting to cross without looking, he is struck by an engine that was plainly visible for some distance before it reached the crossing. The fact that the engine was moving at an unlawful rate of speed, and that the company's watchman, at whom plaintiff was looking, failed to warn him * * * do not so neutralize the effects of plaintiff's contributory negligence as to make it a question for the jury. L. & N. R. R. Co. v. Webb, 90 Ala. 185.

ANDREWS & VAUSE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by the administratrix of Thomas Bartle to recover for the pecuniary injury to his next of kin consequent upon his death, alleged to have been caused by the wrongful act, neglect or default of appellant. The declaration contains six counts, variously charging negligence in the management of a locomotive engine at the crossing of the railroad with Broadway avenue in the city of Mattoon, among which are included the charges that no bell was rung or whistle sounded at the crossing as required by law, speed in excess of that allowed by ordinance, neglect to operate gates as required by ordinance, dangerous rate of speed without flagman or gatekeeper, and running backward without an outlook, and the sixth count avers willful negligence, but this charge was by the court eliminated, and need not be further noticed. The plea of the general issue was filed to the declaration, and trial by jury ended in a verdict against appellant for $3,500, and the court, after requiring a remittitur of $500 of the damages

so assessed, overruled appellant's motion for a new trial, and gave judgment against it for $3,000, to reverse which this appeal is brought, and to that end it is argued, chiefly, that the court excluded proper evidence for appellant, the court refused to give to the jury proper instructions, gave wrong instructions, the verdict is against the evidence of the case, and the damages are excessive.

The deceased, Bartle, was a cab-driver in the city, and in the early morning of July 24, 1900, when attempting to cross the railroad on Broadway avenue, an engine of appellant, while backing from the south, struck the cab and killed Bartle. There is conflict in the evidence as to the ringing of the bell or sounding of the whistle, and as to the speed of the engine, and as to whether these things, or any of them, were the proximate cause of the injury. The evidence of care on the part of Bartle under the circumstances was neither clear nor satisfactory. In this state of the evidence it was necessary that the rulings of the court upon the admission or rejection of evidence bearing upon the vital issues of the alleged negligence of appellant, or the care of the deceased, should not be prejudicial, and also that the instructions to the jury should be accurate, and that appellant's rights should not be prejudiced by the refusal of proper instructions.

It was proved upon the trial that, at the crossing in question, gates were erected and maintained; that between the hours of eight o'clock in the evening and seven o'clock in the morning the gates were not operated, and the accident in question happened between four and five o'clock in the morning. We have no doubt, from the evidence in the case, that it is a just inference to believe that Bartle knew of this custom of omitting to operate the gates between the hours named. One of appellant's witnesses was asked if Bartle knew of it, but upon objection, the court rejected the evidence, and also refused an instruction upon the same point to the effect that if Bartle knew the gates were not put in operation, and had not been since their erection at as early an hour as the time of the injury, and that no flag-

man was stationed there at such an hour, that Bartle would have no right to rely upon the action of the gates, or the presence of a flagman.

It is argued that the court did not err in refusing an answer to the question as to the knowledge of Bartle concerning the maintenance of the gates and presence of the flagman at the hour of the accident, because such answer would in the nature of the case be a mere conclusion of the witness. To a certain extent this would be true, yet the witness may have stated, had he been permitted to do so, several facts and circumstances of a satisfactory nature, of more or less conclusive proof of the knowledge of Bartle, that the gates and flagman were not used at the hour of the accident. The ruling of the court upon this point, in connection with the refusal of the instruction upon the same subject, was in effect to say to the jury that the knowledge of the deceased as to the subject of the gates and flagman at the time in question, was of no moment as affecting his care for his own safety at the time and under the circumstances then surrounding him. We think this fact of vital importance for the consideration of the jury, and believe it was prejudicial error for the court to reject the evidence and refuse the instruction upon this point.

Much complaint has been made of the instructions in the case, otherwise than we have already designated. It is objected that the first instruction given for appellee was misleading—which is to the effect that if the deceased was injured by the negligence of the defendant as charged in either count of the declaration, the jury should find for the plaintiff. It was decided by the court upon the trial that no recovery could be had upon the sixth count, and notwithstanding this, under the instruction just mentioned, the jury could well have found under that count. In a case where the evidence is unsatisfactory upon every material point, the instructions should be clear and perspicuous, and nothing should be left to doubt or conjecture, and we are constrained to believe this instruction was misleading and prejudicial.

I. C. R. R. Co. v. Bartle.

The question of damages was also a material question to be decided by the jury, and in the second instruction given for the appellee the jury was told that they might assess the damages at such sum as they believed from the evidence to be a just compensation for the damage to the means of support sustained by the next of kin. This instruction assumes the deceased was a means of support to the next of kin, while this point was sharply contested before the jury. Moreover, the statute in such cases provides for a recovery for a fair and just compensation with reference to the pecuniary injuries resulting from death to the wife and next of kin, and it seems to us it was a prejudicial error to assume, as the instruction did, that the deceased was a means of support to the next of kin, while some of the evidence tended to show that the deceased, to a certain extent, was being supported by his next of kin.

We think the eighth instruction for the appellee is prejudicial and misleading, as it informs the jury that if the train was being run at a greater rate of speed than prescribed by ordinance, then the defendant is presumed to be guilty of negligence in the killing of Bartle. In the abstract, such is the statutory law; but in its application here, it is but presumptive, subject to be rebutted by evidence overcoming it, or contributive negligence of the person injured. This instruction, however, ignores every negative element of negligence, and the evidence, and the contention of appellant, that the cause of the injury to the deceased was his own negligence, and want of care for his own safety. It might be, as assumed by the instruction, that appellant ran its engine in excess of the speed allowed by ordinance, and in this respect it would be *prima facie* guilty of negligence; yet if such *prima facie* negligence was rebutted by evidence which the instruction does not save, or if the deceased was killed in consequence of his own want of care, the appellant would not in either case be liable. Sufficient proof to rebut the statutory presumption, or proof of contributory negligence, or want of ordinary care of the person injured, will defeat the *prima facie* liability created by the statute. C. & A. R. R. Co. v. Fell, 79 Ill. App. 376.

Other instructions in the case have also been criticised and to some extent the criticisms are well founded; for instance, the seventh, in assuming the next of kin sustained damages; but the objections we have already pointed out, we think, are sufficient to illustrate our views of the law of the case, without extending this opinion to unreasonable length.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.