## Chicago & Eastern Illinois R. R. Co. v. Mattie M. Beaver, Adm'x, etc.

1. Ordinances—*Essentials of the Clerk's Certificate, to Entitle Them to Admission in Evidence.*—An ordinance of a village, in pamphlet form, with a certificate of the village clerk, under his hand and the corporate seal of the village, at the end, that " an ordinance for the revising and consolidating of the general ordinances of the village was passed and adopted by the president and board of trustees of said village, on," etc., "that the same was duly signed and approved by the president of said village and deposited in the office of the village clerk," and, "that the foregoing is a true and correct copy of the same and is printed in book or pamphlet form under the directions and by the authority of the president and board of trustees of said village on the day and year aforesaid," is properly admitted in evidence over a general objection.

2. Same—*Form of, Regulating the Speed of Trains.*—An ordinance providing that " no railroad company, or corporation, railroad engineer, conductor, or other person, shall run or cause to be run any locomotive or freight car, or any train of freight cars, upon or along any railroad track, side track or switch, within the corporate limits of the village of ———, at a greater rate of speed than six miles per hour," is in legal form sufficient for the purpose of regulating the speed of trains within the corporate limits of such village.

3. Appellate Court Practice—*Special Objections to the Admission of Evidence Can Not Be Made for the First Time in the Appellate Court.*—Where only a general objection has been made in the trial court to the admission in evidence of a book of ordinances, a special objection to its admission can not be made for the first time in the Ap-

pellate Court, for the reason that such special objection might have been obviated if it had been made in apt time in the trial court.

4.  PRACTICE— *Where a Party Procures Leave to Amend His Declaration and Omits to Do So.*—Where a plaintiff procured leave of the court and promised to amend his declaration for the purpose of obtaining a more favorable ruling on the admission of evidence, and after the admission of such evidence failed to make the promised amendment, *it was held* that the promised amendment should have been made, but if the declaration as it was, was sufficient to give notice to the defendant of the intent to produce the evidence in question, and the failure worked no prejudice to him, the omission to make the promised amendment is not reversible error.

5.  RAILROADS—*Running Trains at a Greater Rate of Speed than Allowed by Ordinances, is Prima Facie Negligence.*—The fact that the servants of a railroad company ran its trains at a greater rate of speed than that allowed by ordinance, within the corporate limits of an incorporated village, is sufficient to constitute negligence, *prima facie.*

**Trespass on the Case.**—Death from negligence. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

H. M. STEELY, attorney for appellant; W. H. LYFORD, of counsel.

C. H. BECKWITH and GEO. T. BUCKINGHAM, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, as administratrix of the estate of Walter G. Beaver, brought an action on the case against appellant in the Circuit Court of Vermilion County to recover damages for causing the death of her intestate by the alleged negligence of the servants of appellant in operating one of its trains, so that it collided with him when he was attempting to pass over a street crossing in the corporate limits of the village of Grape Creek and was in the exercise of due care for his own safety.

The case was tried by jury and resulted in a verdict and judgment in favor of appellee for $2,000, and to effect a reversal of that judgment, appellant prosecutes an appeal to this court and insists that the verdict is not supported

by the evidence; that the court erroneously refused to direct a verdict for the defendant at the close of the evidence; that the court admitted improper evidence; and gave improper and refused proper instructions.

The negligence charged in the second count of the amended declaration was in permitting weeds to grow on the right of way to such a height that they obstructed the view of the train approaching the crossing; in the third count of the amended declaration, the failure to give the statutory signals before the train passed over the crossing; and in the fourth count of the amended declaration, the running of the train at a greater rate of speed in the corporate limits of the village of Grape Creek than is permitted by the ordinances of that village. All other counts of the declaration were, on demurrer, held to be insufficient. Appellant pleaded the general issue, upon which issue was joined.

A copy of the ordinance of the village of Grape Creek in pamphlet or book form, with a certificate of the clerk of said village under his hand and the corporate seal of the village at the end thereof, that " An ordinance for the revising and consolidating of the general ordinances of the village of Grape Creek, county of Vermilion, and State of Illinois, was passed and adopted by the president and board of trustees of said village, at a regular meeting held in said village on the 5th day of July, 1899, that the same was duly signed and approved by the president of said village and deposited in the office of the village clerk, that the foregoing is a true and correct copy of the same, and is printed in book or pamphlet form under the directions and by authority of the village president and board of trustees of said village on the day and year aforesaid," was offered in evidence by appellee, and was objected to generally by counsel for appellant, but the objection was overruled and counsel for appellant excepted, and insists here that it ought not to have been admitted, for the reason that it did not sufficiently appear that the pamphlet or book of ordinances was published by authority of said village.

We are of opinion that the court properly admitted the pamphlet or book of ordinances in evidence over the general objection, and that counsel for appellant, not having made the special objection in the trial court which he urges in this court, should not be heard to make it here for the first time, inasmuch as appellee might have obviated that special objection if it had been made in the trial court.

Among the ordinances in the printed pamphlet or book of ordinances, is the following: ·

" No railroad company, or corporation, railroad engineer, conductor or other person, shall run or cause to be run any locomotive or freight car, or any train of freight cars, upon or along any railroad track, side track or switch within the corporate limits of the village of Grape Creek at a greater rate of speed than six miles per hour."

The court permitted appellee to show that appellant's right of way near the crossing in question, at the time in question, was so covered with tall weeds and willows that they obstructed the view of approaching trains, and counsel for appellant objected to so much thereof as had reference to the willows, because there was no allegation as to willows in the declaration. Counsel for appellee, at the time, promised to amend the declaration so as to include willows, as well as weeds, but, in fact, never did actually make the promised amendment, and, it is insisted, that not having made such amendment, the evidence as to the willows was erroneously admitted.

We think that the promised amendment should have been made, but do not consider the evidence objected to worked any prejudice to appellant for the reason that the declaration gave notice to it; that appellee complained of the view of the approaching train being cut off by the growing weeds, and the evidence establised that fact, and proving that there were willows growing there also, could make no difference.

Deceased was about nineteen years old, healthy, possessed of all his faculties, and lived with and aided in supporting his father and mother when killed. A short time past mid-

night of the morning of July 23, 1899, he was in a buggy drawn by a horse, and attempting to pass over one of the streets where appellant's railroad crosses it in the corporate limits of the village of Grape Creek in Vermilion county, Illinois, when a work train of appellant struck and killed him. The train at the time was running some twelve to eighteen miles an hour, and the growing weeds upon the right of way of appellant, near the crossing, so obstructed the view of the approaching train, that it was difficult, if not impossible, for a person to see it.

The engineer of the work train that killed the deceased saw the horse which he was driving, when its head was about four feet from the first rail, and the fireman saw the horse when it was on the track, but neither of them saw the deceased until after he was struck, nor did any one else observe how he approached the crossing.

Appellee offered to show that the deceased, in his lifetime, was ordinarily careful, but upon special objection of counsel for appellant, that since the engineer and fireman saw the horse coming onto the track, such proof was not permitted to be made.

There was a conflict in the evidence as to whether the statutory signals were given before the train passed over the crossing.

Appellant's counsel offered an instruction to find for the defendant at the close of the evidence, but the court refused it, and it is insisted by counsel for appellant that it was error to refuse it, for the reason that in the absence of any evidence that the deceased exercised due care for his safety, appellee should not be permitted to recover. In that view we are unable to concur, for the reason that appellant's servants in charge of the train were running it at a greater speed than is permitted by the ordinance, and that *prima facie* constituted negligence, and the court will not presume negligence on the part of the deceased, to excuse the same on the part of the servants of appellant. C. & A. R. R. Co. v. Fell, 79 Ill. App. 376; I. C. R. R. Co. v. Nowicki, 148 Ill. 29, and C. & N. W. R. R. Co. v. Hansen, 166 Ill. 623.

We have examined all the rulings of the trial court upon the evidence and the instructions of which counsel for appellant complains, and fail to find wherein any of them were prejudicial to appellant, or, in any substantial degree, were erroneous, and we will therefore affirm the judgment.

Affirmed.