### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. James Dukeman, Administrator.

1. IMPUTED NEGLIGENCE—*when doctrine of, does not apply.* The negligence of the husband is not to be imputed to his wife.

2. CONTRIBUTORY NEGLIGENCE—*when persons seeking to cross railroad tracks not guilty of.* Held, from the evidence in this case, that the plaintiff's intestate, who at the time of his death was seeking to cross railroad tracks, was not guilty of contributory negligence.

3. DEATH CAUSED BY ALLEGED WRONGFUL ACT—*when damages will be presumed in action for.* In an action for death caused by wrongful act, damages will be presumed where the deceased left surviving lineal next of kin.

4. UNLAWFUL SPEED—*presumption of liability imposed by statute where injury results from.* The presumption of liability imposed by statute, where it appears that the railroad company was at the time of the injury running its train at an unlawful speed, is not a conclusive presumption, but, upon the other hand, is a presumption fully rebutted by a showing that the injury in question was the result of the contributory negligence of the person injured.

5. INSTRUCTION—*when errors of one, not cured by contents of others.* Where the several instructions given in a case are contradictory with respect to a material matter pertaining to the question of liability, the vice of an erroneous instruction is not cured by the accuracy and the virtue of other instructions.

6. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is erroneous which assumes the existence of a material matter in issue in the cause.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

H. A. NEAL and HAMLIN & GILLESPIE, for appellant; L. J. HACKNEY, of counsel.

J. H. MARSHALL and F. K. DUNN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee, as administrator of the estate of Cynthia Dukeman, deceased, against appellant, to recover damages for negligently causing the death of his intestate. There was a verdict and judgment in the Circuit Court of Coles County against appellant for $1,650.

On October 25, 1905, the deceased, Cynthia Dukeman, and George Dukeman, her husband, aged respectively, sixty-five and seventy-two years, were riding in a top buggy, to which was hitched a team of mules. Their course was northward on "E" street in the city of Charleston. When they reached the railroad crossing of appellant on that street, a fast east-bound passenger train of appellant struck the

buggy in which deceased and her husband were riding, and both were killed, James Dukeman surviving his wife a few hours.

The evidence tends to show that up to a point within thirty-five or forty feet south of the railroad crossing on "E" street, the view to the west along appellant's track was somewhat obscured by a coal shed and by fruit trees growing on the west side of that street, and on the south side of the right of way, but north of that point there was an unobscured view of appellant's track westward a distance of a mile or more.

The evidence further tends to show that the locomotive whistle was sounded for the crossing one-half mile west of "E" street, and also for the crossing at "E" street, and that the bell was ringing continuously. Clyde Ely, a boy of eleven years of age, and the only witness who saw deceased and her husband as they traveled north on "E" street, and approached the crossing, testified that he was playing in a lot on the west side of that street immediately south of appellant's right of way; that he saw the deceased and her husband going north on that street; that the mules were being driven by the husband of the deceased, and were on a slow trot; that both the deceased and her huusband appeared to be reading something, which he took to be soap wrappers, as he saw soap on the lap of deceased; that one, or both of the parties looked at him and smiled, and then resumed their reading; that the speed at which the mules were traveling was not hastened, as they approached the crossing, and that neither the deceased nor her husband appeared to notice the approach of the train; that at or immediately before the time the train struck the buggy he saw the deceased throw up her hands.

By the ordinances of the city of Charleston the speed of passenger trains within the corporate limits is limited to ten miles an hour. It is uncontro-

verted that the train which killed the deceased was traveling at a rate of speed greatly in excess of the limit prescribed by ordinance. The speed at which the train was going immediately before it struck the buggy is variously estimated by the witnesses, at from twenty miles an hour to sixty-eight miles an hour, and the jury were warranted in fixing its rate of speed at the maximum figure stated by the witnesses.

The declaration alleges that the deceased left her surviving, George Dukeman, her husband, who has since died, and James Dukeman and Lewis Dukeman, her sons and next of kin, and that by reason of her death the said James and Lewis Dukeman have been injured and sustained damages.

It appears from the evidence that at the time of her death, the family of the deceased consisted of her husband, and her son James Dukeman, then forty-two years of age; that they lived on a rented farm; that she was the housekeeper and did all the housework, and her son James worked on the farm, without receiving any stated compensation therefor; that her son Lewis was an adult, married, and living with his family.

It is insisted on behalf of appellant that the evidence clearly shows that the deceased was guilty of contributory negligence and that the peremptory instruction offered at the close of all the evidence should have been given to the jury. The contributory negligence, if any, of the husband of the deceased was not imputable to her. Union Trac. Co. v. Leach, 215 Ill. 184; C., P. & St. L. Ry. Co. v. Condon, 121 Ill. App. 440.

Was the deceased, herself, guilty of contributory negligence? In our view of the case it is important to determine whether the deceased saw the train approaching the crossing before she attempted to cross the track. It is apparent that she had no opportunity to see the track until she was within a

distance of thirty-five to forty feet of it. When she reached a point where her view of the track was not obscured, she may have looked first to the east to see if a train was approaching from that direction and then to the west. The team, meanwhile, was approaching the track shortening the distance to the crossing. When she looked to the west she would, doubtless, be at a distance of ten or fifteen feet from the track. Then seeing the train approaching she would have a right to presume that it was traveling no faster than ten miles an hour, the maximum speed permitted by the ordinance. C., B. & Q. Ry. Co. v. Gunderson, 174 Ill. 495; B. & O. S. W. Ry. v. Then, 159 Ill. 535. It is clear from the evidence that if appellant's train had not been traveling at a greater rate of speed than ten miles an hour, the deceased would have crossed the track in safety.

The witness Ely does not testify that the deceased did not look, and in view of the relative position of himself and the deceased, it is manifest that she might have looked without his seeing her do so. He does testify that he saw the deceased throw up her arms before the train struck the buggy, but he does not presume to say how far she was from the crossing when he observed her action in that regard. Under all the circumstances disclosed by the evidence, we are of opinion that the court did not err in submitting to the jury the question, whether or not the deceased was guilty of contributory negligence.

It is further urged on behalf of appellant that the court erred in giving and refusing instructions upon the question of damages, and in holding that under the evidence appellee was entitled to recover more than nominal damages. In the recent case of Huff, Admr. v. P. & E. Ry. Co., et al., 127 Ill. App. 242, this court had occasion to pass upon the question here involved, and there held that where the deceased left surviving lineal next of kin, damages will be presumed. We see no reason to change or

modify the views expressed in that case. Furthermore, in the case at bar it appears from the evidence that the deceased was the housekeeper in the family, of which her son, James, was a member. The services of the deceased, as housekeeper, were manifestly of pecuniary value to her son. Such services were performed for his benefit as a member of the family, and her death deprived him of such services, and of a reasonable expectation of a continuance of such services. There was, therefore, in this case an element of pecuniary damage to the next of kin of the deceased, other than such as is presumed where the relation of the next of kin is lineal. We find no error in the action of the court in giving and refusing instructions upon the question of damages.

The first instruction given to the jury at the request of appellee is as follows: "If the jury believe from the evidence that the deceased, Cynthia Dukeman, was killed within the corporate limits of the city of Charleston by a railroad train of the defendant company, and that the defendant company was at the time running its said train more than ten miles an hour, then the law presumes the death of the said Cynthia Dukeman to have been caused by the negligence of the defendant or its agents." The section of the statute (Hurd's Stat., 1903, chap. 114, par. 87) upon which this instruction is predicated, does not relieve the person injured from the duty of exercising due care and caution for his own safety, or in other words, it does not render the company liable to respond in damages, notwithstanding the person injured may have been guilty of negligence contributing to his injury. The presumption, therefore, which the statute provides shall obtain is not a conclusive presumption, but *prima facie* presumption subject to be rebutted by proof of facts and circumstances tending to show that the person injured was not in the exercise of due care and caution for his own safety. True, the instruction does not

direct a verdict, but it assuredly suggests the liability of appellant, and the right of appellee to recover damages, and this the more so, because the fact that appellant was running its train at a rate of speed in excess of ten miles an hour was not controverted in the case.

Whether or not the deceased was in the exercise of due care and caution for her own safety was a closely controverted issue in the case, and we are clearly of the opinion that the instruction was calculated to mislead the jury. Jurors are not ordinarily conversant with the distinction between conclusive and rebuttable presumptions, and may well have understood the instruction to imply that the presumption authorized by the statute was conclusive.

While other instructions given in the case informed the jury that contributory negligence on the part of the deceased would bar a recovery, yet, if the first instruction was understood by the jury to conclusively determine the liability of appellant, the effect of the instructions would be to state contradictory propositions of law. In C. & E. R. R. Co. v. Crose, 214 Ill. 602, the court in commenting upon a somewhat similar instruction given to the jury, said: ''This instruction is in almost the exact language of the statute, and one quite similar to it was given in Chicago, Burlington & Quincy Railroad Co. v. Haggerty, 67 Ill. 113, and Illinois Central Railroad Co. v. Ashline, 171 id. 313. The instruction does not direct a verdict, as contended, and, taken in connection with all the others given, we do not think it so misleading as to constitute reversible error.'' It is to be observed that in the Crose case, supra, two other instructions were given to the jury wherein the statutory provision was set out, and that each of such other instructions contains an express reference to the exercise of due care by the plaintiff. Furthermore, the language of the court in that case clearly implies a criticism of the in-

struction, rather than its approval. In the case of I. C. R. R. Co. v. Bartle, 94 Ill. App. 57, this court in speaking of a like instruction, said:

"We think the eighth instruction for the appellee is prejudicial and misleading, as it informs the jury that if the train was being run at a greater rate of speed than prescribed by ordinance, then the defendant is presumed to be guilty of negligence in the killing of Bartle. In the abstract, such is the statutory law; but in its application here it is but presumptive, subject to be rebutted by evidence overcoming it or contributory negligence of the person injured. This instruction, however, ignores every negative element of negligence, and the evidence, and the contentions of appellant, that the cause of the injury to the deceased was his own negligence and want of care for his own safety. It might be assumed by the instruction that appellant ran its engine in excess of the speed allowed by ordinance, and in that respect it would be *prima facie* guilty of negligence; yet if such *prima facie* negligence was rebutted by evidence which the instruction does not say, or if the deceased was killed in consequence of his own want of care, the appellant would not in either case be liable. Sufficient proof to rebut the statutory presumption, or proof of contributory negligence, or want of ordinary care of the person injured, would defeat the *prima facie* liability created by the statute. C. & A. R. R. Co. v. Fell, 79 Ill. App. 376."

The fifth instruction given on behalf of appellee assumes that the deceased saw the train a sufficient length of time before she crossed the track, to have considered the feasibility of effecting the crossing before the train reached it. Whether the deceased looked to the west as she approached the crossing, and saw the train, was a sharply controverted fact, bearing upon the question whether or not she was in the exercise of due care for her safety. It was strenuously insisted on behalf of appellant that the de-

ceased approached the crossing as if oblivious of possible danger, not looking or listening, but apparently absorbed in reading. The instructions should not have been given.

A majority of the court are also of the opinion that the damages awarded by the jury are excessive. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*