## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. James Dukeman, Administrator.

This case is controlled by the decision in C., C., C. & St. L. Ry. Co. v. Dukeman, 130 Ill. App. 105.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Coles county; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

HAMLIN & GILLESPIE and H. A. NEAL, for appellant; L. J. HACKNEY, of counsel.

J. H. MARSHALL and F. K. DUNN, for appellee.

PER CURIAM. October 25, 1905, George Dukeman and Cynthia Dukeman, his wife, were killed while crossing the track of appellant on "E" street in the city of Charleston. In the suit to recover damages for negligently causing the death of Cynthia Dukeman there was a verdict and judgment against appellant for $1,650, and in the case at bar, to recover damages for negligently causing the death of George Dukeman, there was a verdict and judgment against appellant for $2,000. The judgment in the former case was reversed by this court on appeal, in an opinion filed November 27, 1906. 130 Ill. App. 105.

The records in the two cases are substantially identical and the same questions are involved in this appeal as were presented for determination in the former appeal, except as to the propriety of giving the fifth instruction offered on behalf of appellee upon the trial of the former case, which instruction was not offered by appellee upon the trial of this case.

For the reasons given in the former opinion, the court did not err in refusing to give the peremptory instruction offered by appellant, or in refusing to instruct the jury that appellee was entitled to recover only nominal damages.

The fourth instruction given at the request of appellee is identical with the first instruction given on behalf of appellee upon the trial of the case to recover damages for the death of Cynthia Dukeman, and for the reason given in the former opinion we are constrained to hold that said fourth instruction was misleading and prejudicial to appellant.

A majority of the court are also of the opinion that the damages awarded by the jury are excessive.

The judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*