James Dukeman, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. INSTRUCTIONS—*when omissions of, may be cured.* The omissions of an instruction may be cured by the contents of other instructions given, if the instruction subject to criticism does not assume to direct a verdict.

2. APPEALS AND ERRORS—*when former decision conclusive.* The decision of the Appellate Court upon one appeal is conclusive upon a subsequent appeal in the same cause, there being no substantial difference in the evidence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Coles county; the Hon E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed June 11, 1908.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, H. A. NEAL and HAMLIN & GILLESPIE, of counsel.

J. H. MARSHALL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee, as administrator of the estate of Cynthia Dukeman, deceased, recovered a verdict and judgment against appellant railway company for $1,200 as damages for negligently causing the death of his intestate. Upon a former trial of the case there was a verdict and judgment against appellant for $1,650, which judgment was, on appeal to this court, reversed and the cause remanded for another trial. C., C., C. & St. L. Ry. Co. v. Dukeman, 130 Ill. App. 105.

The evidence upon the last trial of the case was, in all substantial particulars, identical with that introduced upon the former trial, and which was considered by this court upon the former appeal, and we refer to the opinion then filed for a statement of the facts involved.

It is first urged that the trial court erred in refusing to give the peremptory instructions offered by appellant at the close of plaintiff's evidence and at the close of all the evidence in the case. The same contention was urged for our consideration upon the former appeal, and we then held that the trial court did not err in that regard. This holding was conclusive upon the trial court in the last trial of the case and is conclusive upon this court on this appeal.

The former judgment was reversed for error in giving the first and fifth instructions offered by plaintiff. Upon the last trial the said first instruction was changed so as to obviate the criticism made against it upon the former appeal, and the said fifth instruction was not offered by plaintiff.

It is now insisted that the first instruction, as last given, is erroneous for the further reason that it does not require the plaintiff to prove that the alleged running of the train in excess of the limit fixed by the speed ordinance, was the proximate cause of the death of his intestate. The instruction is subject to the criticism made against it in this particular, but as it did not assume to direct a verdict in express terms, and as other instructions given at the instance of both parties fully and repeatedly covered the question, we do not think the giving of the instruction in that form should operate to reverse the judgment.

The substance of the sixth instruction offered by appellant and refused by the court, was sufficiently embodied in the first instruction given at the instance of appellant, and it was not error, therefore, to refuse the same.

It is finally urged that the court erred in refusing to instruct the jury that, in any event, plaintiff could only recover nominal damages. This question was fully presented to this court by counsel for appellant upon the former appeal, and we then held that the instructions offered by appellant limiting the amount of damages recoverable, under the facts disclosed by the evi-

dence in the record, to a nominal sum, were properly refused. For the reasons stated in the former opinion we are content with the conclusion then reached.

There is no error in the record prejudicial to appellant and the judgment will be affirmed.

*Affirmed.*