# The Livingston Warehouse & Van Company, Appellee, v. The Aurora, Elgin & Chicago Railroad Company, Appellant.

## Gen. No. 16,450.

CONTRIBUTORY NEGLIGENCE—*driving upon railroad tracks.* One familiar with his surroundings who drives upon railroad tracks without looking, is guilty of contributory negligence which will bar his recovery if there are no conditions or circumstances which excuse the failure to look.

Action in case. Appeal from the Superior Court of Cook county; the HON. PAUL MCWILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March. term, 1910. Reversed and judgment here. Opinion filed May 9, 1912.

HOPKINS, PEFFERS & HOPKINS, for appellant.

BRADY, BARNUM & RUTLEDGE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action on the case brought by The Livingston Warehouse & Van Company, a corporation, hereinafter called the plaintiff, to recover damages resulting from a collision between a train of the Aurora, Elgin & Chicago Railroad Company, a corporation, hereinafter called defendant, and a moving van belonging to the plaintiff, which occurred on February 11, 1907, at the intersection of defendant's tracks and Washington street, in the city of Wheaton, DuPage county, Illinois. The injuries sustained were to the van and the furniture therein. A jury returned a verdict finding the defendant guilty and fixed the damages at $550, and judgment thereon was entered.

The defendant urges several errors in rulings on evidence and the giving of instructions, which it is claimed were so prejudicial as in any event to entitle defendant to a new trial. We do not comment upon these errors, although some of them seem to us to be manifestly prejudicial, for the reason that we have concluded to enter judgment here for the defendant. We are led to this conclusion by a consideration of the undisputed evidence in the case, from which, in our opinion, it is clearly apparent that the plaintiff failed to prove that it was in the exercise of due care while driving "across the said railroad," but it is apparent that the driver of the van belonging to plaintiff was guilty of gross negligence which directly contributed to the accident in question.

About one o'clock in the afternoon of the day of the accident, two vans belonging to the plaintiff and loaded with furniture left Chicago for Wheaton. The front van, which was the one subsequently injured,

was driven by Henry Gering, an employe of plaintiff; the other one by John L. Livingston, also an employe. They arrived at Washington street in Wheaton about 7:15 P. M., turned south in that street and approached the tracks of defendant, Gering in the lead. It was a "fair night; kind of dark." As Gering was crossing defendant's tracks his van was struck by a train coming from the east, with consequent injuries to the wagon and furniture.

It is not disputed that from a distance of 138 feet in Washington street north of defendant's tracks there is a continuous and unobstructed view of these tracks eastward for about a mile. About 95 feet north of the defendant's tracks at this point are the double tracks of the Chicago & Northwestern Railway Company, which are a little higher than defendant's tracks, and the street slopes slightly from the Northwestern tracks to defendant's tracks. Gering's seat on his wagon was about 8½ feet from the ground, and he says, "I could see to the right and to the left." His statement concerning his conduct as he approached the tracks of defendant is as follows: "The last time I looked for a train on the track of defendant company was when I was coming down from the Northwestern track. * * * Just as I got off the Northwestern tracks I looked east; then I looked back west; in the meantime I started to put my blankets around me; I had four horse blankets up around me; then I didn't look no more; I gathered my horse blankets up around me and was devoting my time to that, and that was what I was doing when I drove onto the defendant's track; that is, when I drove onto defendant's tracks, I was looking at the blankets and bringing them up over me. I didn't look east no more all of the time that the team was walking on the Northwestern track onto and nearly over defendant's tracks; I didn't look again; I pulled the blankets up over me and tried to make myself comfortable."

The car in question was equipped with an electric headlight which "was in good condition and was burning in good shape as the car approached and went into Wheaton." A number of witnesses testified that from the Northwestern tracks the headlight on defendant's cars approaching from the east can be seen when a mile away, and that the track runs straight from Washington street eastward without any obstruction to view for nearly a mile. The motorman sounded the regular crossing whistle on approaching Washington street, and then a series of sharp, short blasts as a danger signal. He testified that it was not apparent to him that Gering was about to drive onto the track in front of the car until the car was within 200 feet of the crossing; that he then set his brakes in emergency and did everything he could to stop the car, but it was too late and the van was struck.

There is some dispute as to the speed of the car just before the accident. Livingston testified that it was coming about 50 or 60 miles an hour, while the motorman testified that when he gave the crossing whistle he was running 15 or 20 miles an hour, and at the time of the collision the speed had been reduced to between 4 and 6 miles an hour.

Gering testified that he was familiar with the conditions and situation of the crossing. It was claimed by the defendant upon the trial that the evidence clearly demonstrated that Gering was intoxicated. Gering denied this, although admitting that he had had two drinks of whiskey while making the trip. On the other hand, witnesses who saw Gering and Livingston immediately after the accident testified positively that they were both under the influence of liquor.

Our Supreme Court has said in many cases that a failure to look for an approaching train is not in law negligence *per se*, as usually there are present conditions and circumstances which the jury are to consider

248        Appellate Courts of Illinois.

Livingston Warehouse, etc., Co. v. A. E. & C. R. Co., 170 Ill. App. 244.

in determining whether there was an excuse for not looking. "It is usually a question of fact for the jury to determine, in view of all the surrounding circumstances, whether failure to look and listen constitutes negligence or lack of due care." Winn v. C. C. C. & St. L. Ry. Co., 239 Ill. 132, 139. But in the case at bar we cannot discover any conditions or circumstances which excused Gering for not looking before he drove onto defendant's tracks. He was familiar with his surroundings; his horses were walking; he had a light load; his seat was elevated; the sides of his wagon did not prevent his looking to the right or left, and his view of the track eastward was unobstructed for nearly a mile. He could clearly have seen the headlight of the approaching train in ample time to have stopped and allowed the train to pass. Neither can we perceive any reason why he should not have heard the warning whistle of the approaching train in ample time to have avoided danger. As to the statement of Gering that he looked while at the Northwestern tracks and saw nothing, we quote from C. P. & St. L. R'y. Co. v. DeFreitas, 109 Ill. App. 104, 106:

"If a person looks, he is supposed to look for the purpose of seeing; and if the object is in plain sight and he apparently looks, but does not see it, it is manifest he does not do what he appears to do. The law will not tolerate the absurdity of allowing a person to testify that he looked, but did not see the train, when the view was unobstructed, and where, if he had properly exercised his sight, he must have seen it."

Upon the trial the court was requested to instruct the jury to find the defendant not guilty, which instruction was refused. We are of the opinion that this instruction should have been given, and that its refusal was error. In C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623, the court said (p. 628):

"If there is no fixed rule of law applicable to all cases, yet the question of negligence in each particular

case may become a question of law and come within the province of the court, so that a particular verdict may be directed, if the evidence in the case is such that all reasonable men would be agreed in their conclusion from it. Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury; but if the court can say that but one reasonable inference can be drawn from the facts, the court should act accordingly. Chicago & Eastern Illinois Railroad Co. v. O'Connor, 119 Ill. 586; Hoehn v. Chicago, Peoria & St. Louis Railway Co., 152 id. 223; Illinois Central Railroad Co. v. Larson, id. 326; Wabash Railway Co. v. Brown, id. 484; Werk v. Illinois Steel Co., 154 id., 427.''

And in Lake St. El. R. R. Co. v. Gormley, 108 Ill. App. 59 (61), it was said: ''If the facts are undisputed, and of such a character that reasonable minds would agree without dissent that the injury was caused by appellee's contributory negligence, and there is no evidence upon which the jury could, in the eye of the law, reasonably find otherwise, then the instruction should have been given.'' There are many other decisions in the Appellate Court to the same effect, in cases where the facts were less clear than in the case at bar. Boyle v. I. C. R. R. Co., 88 Ill. App. 255; I. C. R. R. Co. v. McMillion, 129 id. 27; Bjork v. I. C. R. R. Co., 85 id. 269; C. & N. W. Ry. Co. v. Holdom, 66 id. 201; Cotter v. Chicago City Ry. Co., 141 id. 101; I. C. R. R. Co. v. Batson, 81 id. 142, and others.

Believing, as we do, that from the undisputed evidence in the case at bar there could be only one reasonable inference concerning the conduct of the driver of plaintiff's van, namely that his negligence directly contributed to the accident in question, we hold that the plaintiff was not entitled to recover. The judgment of the trial court therefore is reversed, and judgment is entered here for the defendant.

*Reversed and judgment here.*